The STATE of Ohio, Appellee,

v.

GARRY, Appellant.

[Cite as *State v. Garry*, 173 Ohio App.3d 168, 2007-Ohio-4878.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–060976.

Decided Sept. 21, 2007.

Ernest F. McAdams Jr., Cincinnati City Prosecuting Attorney, and Paula Boggs, Assistant City Prosecuting Attorney, for appellee.

Jon R. Sinclair, for appellant.

MARK P. PAINTER, Presiding Judge.

{¶ 1} In America, people are presumed innocent unless tried and convicted. In this case, the defendant was tried and *found not guilty*, but continues to suffer punishment in the form of a criminal arrest record. This we cannot allow.

{¶ 2} In October 2002, Brian Garry (known as Brian Crum before a legal name change) was charged with hitting a police horse.[1] After a trial spread over parts of four days, he was found not guilty.

{¶ 3} Garry applied for expungement of his arrest record in 2005 and again in 2006. Though Garry was clearly eligible for expungement—and the state did not object—the trial court both times denied the expungement. From the 2006 denial, Garry appeals, seeking to clear his record.

{¶ 4} Garry is now 42 years old and has no criminal record before or since the 2002 incident. We think it is time to wipe this one arrest clean, so we reverse.

{¶ 5} Expungements in cases where there have been not-guilty findings should be freely granted, and the court "shall" grant the sealing of the record unless the "legitimate needs, if any, of the government to maintain those records" outweigh the former defendant's interest in clearing his record.[2] Here, the government expressed no need for, or interest in, maintaining the record. Nonetheless, the trial court denied the expungement.

{¶ 6} The state, now seeking to preserve the trial court's judgment, cites us to *State v. Schwartz*, in which this court upheld the denial of the expungement of a not-guilty finding.[3] The case is hardly similar—it involved a not-guilty-by-reason-of-insanity finding, in a case where the defendant had tried to commit

---

1. R.C. 2921.321(A).

2. R.C. 2953.52(B)(2)(d).

3. 1st Dist. No. C–040390, 2005-Ohio-3171, 2005 WL 1490100.

suicide. The state was understandably seeking to keep that information available to law enforcement. But we fail to see how the finding that Garry did not hit a horse can be of any future benefit to law enforcement. And even if there were some benefit, which there obviously is not, it does not outweigh Garry's interest in clearing his record of a charge *that he was acquitted of.*

{¶ 7} When people are found not guilty, they have not lost the presumption of innocence. The government must then make a strong showing to defeat the sealing of a "not guilty" finding. There was no showing at all here. To deny the sealing of the record in this case, where the government has not expressed or demonstrated any need to maintain it, is unreasonable and thus an abuse of discretion.

{¶ 8} We reverse the trial court's judgment and remand this case for the entry of an order sealing Garry's record.

Judgment reversed
and cause remanded.

SUNDERMANN, J., concurs.

HILDEBRANDT, J., dissents.

HILDEBRANDT, J., dissenting.

{¶ 9} In *Schwartz,* this court held that "a trial court's decision to grant or deny an application for expungement is within its discretion,"[4] and a reviewing court cannot substitute its judgment for that of the trial court even though it might disagree with its ruling. Because this court, absent an abuse of discretion, may not substitute its judgment for that of the trial court, I respectfully dissent.

{¶ 10} Here, the trial court determined that keeping a record of these criminal proceedings, which involved a physical assault, would protect officer safety in the future and that this need outweighed Garry's interest in clearing his record. As the state noted, police officers have contact with individuals under a wide range of circumstances, and if police are permitted to review an individual's record prior to confronting that person, this will serve to promote officer safety.

{¶ 11} Even if I would have ruled differently on Garry's application for expungement, I am unable to say that the trial court abused its discretion, and I would therefore be bound to affirm the trial court's judgment.

---

4.  1st Dist. No. C–040390, 2005-Ohio-3171, 2005 WL 1490100, ¶ 12.