[Cite as *State v. Webb*, 2012-Ohio-2962.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

       Plaintiff-Appellee

v.

CHANTRELL M. WEBB

       Defendant-Appellant

:
:
:
:
:
:
:
:
:
:
:

Appellate Case No. 24866

Trial Court Case No. 07-TRC-15281

(Criminal Appeal from Vandalia
 Municipal Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of June, 2012.

. . . . . . . . . . .

JOE CLOUD, Atty. Reg. #0040301, Vandalia Municipal Prosecutor's Office, 3973 Dayton-Xenia Road, Beavercreek, Ohio 45432
       Attorney for Plaintiff-Appellee

THOMAS J. MANNING, Atty. Reg. #0059759, Manning Law Firm, LLC, Post Office Box 751484, Dayton, Ohio 45475
       Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Chantrell M. Webb appeals from an order of the Vandalia Municipal Court denying her motion to seal the record of a dismissed charge of Operating a Motor

Vehicle While Under the Influence of Alcohol, as a first offense, in violation of R.C. 4511.19. She contends that the trial court abused its discretion in finding that the government's legitimate need to maintain the record outweighed her interest in having the record sealed.

{¶ 2}   Upon review of the record, we conclude that the trial court did not abuse its discretion in so finding.   Accordingly, the order from which this appeal is taken is Affirmed.

## I.   Course of Proceedings

{¶ 3}   On the penultimate day of 2007, Webb was charged with OVI, as a first offense, and an improper lane change, in violation of R.C. 4511.39(A).

{¶ 4}   Vandalia Municipal Court, the court with jurisdiction over the charge, maintains an Alcohol Diversion Program, which according to the record is the only remaining judicially-established alcohol diversion program in Ohio.   Webb applied for admission to this program, and was accepted.

{¶ 5}   Under the program, Webb was required to plead guilty, conditionally, to the OVI charge, and she did so, with the understanding that the charge would be dismissed, before her guilty plea was accepted, if she completed the diversion program successfully.   It is unclear what happened to the lane-change charge.   In any event, that charge is irrelevant to this appeal.

{¶ 6}   Webb successfully completed the Vandalia Municipal Court's Alcohol Diversion Program, and the OVI charge, to which she had conditionally pled guilty, was dismissed in June, 2009.   Her plea form clearly specified that if she had not successfully

completed the program, her guilty plea would have been accepted by the trial court, and she would have been sentenced accordingly. The plea form she signed contains an express admission by her that she committed the charged offense.

{¶ 7} In March, 2011, Webb moved for the sealing of her record, under the authority of R.C. 2953.32, and requested a hearing. The trial court held an evidentiary hearing on Webb's motion. At the hearing, Webb testified on her own behalf. The State, which opposed the motion, called two witnesses on its behalf.

{¶ 8} At the conclusion of the hearing, the trial court took the matter under advisement. Thereafter, Webb submitted a memorandum in support of her motion, the State filed an objection to her motion, and Webb then submitted a reply memorandum in support of her motion.

{¶ 9} On September 19, 2011, the trial court filed a Decision and Entry denying Webb's motion to seal the record. Webb filed this appeal therefrom on October 12, 2011. On October 21, 2011, the trial court filed a Journal Sentencing Entry, in which it recited that it had denied Webb's motion to seal the record on September 19, 2011.

{¶ 10} Both the trial court and the parties have referred to the sealing of the record and expungement as interchangeable terms, and we shall treat them as interchangeable.

## II. The Trial Court Did Not Abuse its Discretion in Denying Webb's Motion
## to Seal the Record of the Dismissed OVI Charge

{¶ 11} Webb's sole assignment of error is as follows: "THE TRIAL COURT'S DENIAL OF APPELLANT'S MOTION FOR SEALING OF RECORD WAS AN ABUSE

OF DISCRETION."

{¶ 12} Webb sought to seal the record of her dismissed OVI charge under the authority of R.C. 2953.52, which provides, in pertinent part, as follows:

(A)(1) Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal his official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.

(2) * * *

(B)(1) Upon the filing of an application pursuant to division (A) of this section, the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons he believes justify a denial of the application.

(2) The court shall do each of the following:

(a) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed, * * * ;

(b) Determine whether criminal proceedings are pending against the person;

(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this

section, consider the reasons against granting the application specified by the prosecutor in the objection;

(d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.

(3) If the court determines, after complying with division (B)(2) of this section, that the person was found not guilty in the case, that the complaint, indictment, or information in the case was dismissed, * * * ; that no criminal proceedings are pending against the person; and the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records, or if division (E)(2)(b) of section 4301.69 of the Revised Code applies, the court shall issue an order directing that all official records pertaining to the case be sealed and that, except as provided in section 2953.53 of the Revised Code, the proceedings in the case be deemed not to have occurred.

{¶ 13}  In the case before us, it is undisputed that the OVI charge against Webb was dismissed, and that no criminal charges were pending against her at the time of the hearing.   The sole issue at the hearing was whether Webb's interest in having the records sealed was outweighed by the legitimate governmental need to maintain the records.

{¶ 14}  The parties are in agreement that the decision whether to seal the record, which involved the weighing of interests, was confided to the discretion of the trial court, so that appellate review of the trial court's decision requires us to determine whether the trial court abused its discretion; i.e., whether the trial court acted within its discretion.  Thus, the mere fact that we might have exercised that discretion differently, to arrive at a different

result, is immaterial.

{¶ 15} At the hearing, Webb testified to adverse consequences that have been visited upon her as a result of the record of the dismissed charge. The first of these was its citation in Juvenile Court by the mother of a child in Webb's custody, who was seeking to divest Webb of custody of the child. As the State points out, that effort was unsuccessful; Webb retained custody of the child. Nevertheless, this episode is illustrative of a class of difficulties that the continued public nature of the dismissed OVI charge might pose for Webb in civil litigation in which her fitness might be in issue.

{¶ 16} Webb next testified that she had been a Girl Scout leader for her older children, but when she was asked by the child presently in her custody to become co-leader of her Brownie troop (if that is the right term), she was told that she could not be a co-leader or assistant leader with a DUI in her background, under the policies of the Girl Scouts of America. When she pursued the matter further, she was told that it was "something with their insurance" – that she would not be able to drive the girls to do things, which would be required for a leader or assistant leader.

{¶ 17} Finally, Webb testified that despite the fact that she is on the Board of the Wee Aviator Association,[1] "when I file for a background check and this comes up I will be ineligible to be on the field at any time with the kids." She testified that this "is in our Bylaws."

{¶ 18} At the hearing, and in its post-hearing objection, the State based its opposition to the motion solely upon the difficulties that government actors would have if the record of

---

[1] The nature of the Wee Aviator Association was never explained in the record.

Webb's dismissed OVI charge were sealed. The State presented testimony that if the record were sealed, in order to determine whether Webb had been admitted to the Vandalia Municipal Court Alcohol Diversion Program before, for purposes of determining whether to admit her to that program in the future, it would be necessary for the prosecutor, the court's probation officer, or the court itself, to submit a written request to the clerk of the court to check the sealed records.

{¶ 19}  The testimony of the State's witnesses established that a person's prior admission to the Alcohol Diversion Program could be checked by using the person's name or social security number and looking at records maintained on the clerk of court's computer in a file or files to which the public does not have access. Only one person in the clerk's office has access to these restricted files, for which a password is required.

{¶ 20}  But Webb's counsel pointed out at the hearing that the burden of presenting a written request to check the sealed files could be passed on to a defendant seeking admission to the program. The prosecutor, the probation officer, or the court, could simply require every request to be admitted to the Alcohol Diversion Program to be accompanied by a release, signed by the defendant, authorizing the sealed files to be checked to determine whether the defendant had previously been admitted to the program.

{¶ 21}  Both the State and the trial court seem to have been impressed by the testimony of the representative from the clerk of the court that older sealed records are not maintained on the computer, and that these records would have to be checked by going down into the basement (of which building is not clear) and checking paper files. But it was noted at the hearing that Webb's is the first request that has ever been made to seal a dismissed OVI

charge (or at least an OVI charge dismissed as a result of successful completion of the Alcohol Diversion Program). Obviously, then, from now on, the sealed record of any person who is applying for admission to the Alcohol Diversion Program would necessarily have been sealed at a time when the records thereof are maintained on the computer. Therefore, it would never be necessary to check the paper records in the basement.

{¶ 22} Although the State never based its argument on any other governmental interest, the trial court, in its decision, considered also the government's interest in protecting the public's need to know:

In this case, the facts presented also call into question the public's right of access as part of the legitimate needs of the government in maintaining the records in question. The Court is mindful that this Defendant seeks expungement for only the purest of reasons, to be fully active in her child's life. The existence of her record, ultimately, had no impact on her custody of the child. There is insufficient evidence for this Court to conclude that Defendant's participation in the Wee Aviators is threatened beyond going "on the field." However, the Defendant's testimony establishes that the Girl Scouts of America have a policy which looks to assure that the girls within their charge, and who are being transported, are safe. The purpose of that policy is subjugated by the sealing of the records herein, specifically because it is the Defendant's express interest in driving for the Girl Scouts. While Defendant may not re-offend, the public, in this case, the Girl Scouts organization, has a need to know the driving history of those who are transporting not only their own children, but the children of others. In other words, the records at issue bear a direct and substantial relationship to the position in which the Defendant is interested.

The government has a legitimate interest in protecting the public's need to know. It is the duty of this Court to weigh such interest as against the Defendant's interest in having the record sealed. Under the facts of this case, the Court finds that the public's interest outweighs the interests of the Defendant. * * *

{¶ 23} To the trial court's analysis of the public's "need to know," we would only add that any company that issues automobile insurance policies would have an obvious interest in knowing about any OVI offense that a proposed insured has admitted committing, in deciding whether to offer a policy of insurance and, if so, what premium to charge.

{¶ 24} We conclude that the trial court did not abuse its discretion in finding that the government's legitimate need to protect the public's interest in knowing about Webb's admission, as part of her conditional guilty plea, that she committed an OVI offense outweighed her interest in sealing that record.

{¶ 25} In her support, Webb cites *State v. Hilbert*, 145 Ohio App.3d 824, 764 N.E.2d 1064 (8th Dist. 2001), in which the Eighth District Court of Appeals reversed the denial of a motion to seal, applying the abuse-of-discretion standard of review. That case involved a Criminal Mischief charge, to which the defendant pled guilty as a reduction from a charge of Aggravated Arson. The defendant, a black man, had burned a cross on the lawn in front of the apartment building in which he resided with his family, to protest what he considered to have been the ignoring of his complaints of harassment by neighbors. Unlike the case before us, in *Hilbert* the trial court gave no reasons for its decision to deny the motion to seal. The Court of Appeals, in addition to having been underwhelmed by the trial court's lack of reasoning for its decision, may well have deemed it unlikely in the extreme that there was any

danger to the public that the defendant's offense would be repeated, or that a repetition would likely cause injury to any member of the public.

{¶ 26} In the case before us, the trial court provided reasons for its decision. Although Webb presented credible testimony that her OVI offense was a one-time thing, brought on in part by the stress of losing her husband to cancer, there is always some danger of a repeat offense of OVI, and the danger posed to the public, and to persons riding in a vehicle driven by Webb, in the event of a repeat offense, is great.

{¶ 27} Webb also cites *State v. Garry*, 173 Ohio App.3d 168, 2007-Ohio-4878, 877 N.E.2d 755 (1st Dist.), in which a trial court's denial of a motion to seal a record was reversed. But in that case the defendant had actually been acquitted of the charge (hitting a police horse). The court noted that the government must make a strong showing of necessity to preserve the record in order to defeat the sealing of a not-guilty finding. *Id.*, ¶ 7.

{¶ 28} In the case before us, Webb admitted that she committed the OVI offense with which she was charged. She tendered a conditional guilty plea to the charge. The charge was only dismissed by virtue of a diversion program that she successfully completed. Because she admitted to having committed the offense, Webb's case is distinguishable from *State v. Garry*. The State was not required to make a "strong showing" in Webb's case.

{¶ 29} Finally, Webb cites *State v. Andrasek*, 8th Dist. Cuyahoga No. 81398, 2003-Ohio-32, in which a court of appeals reversed the denial of a motion to seal records as an abuse of discretion. In that case, as in *State v. Hilbert, supra*, the trial court never identified the State's interest in maintaining the records. In fact, the State had not even objected to the sealing of the records of the defendant's case, which involved a fifth-degree felony involving a

department store (the nature of the felony was never discussed in the opinion), which was dismissed as part of a diversion program. The court of appeals noted that the trial court seemed to have been motivated by hubris that the defendant had failed to disclose certain facts at the time she applied for the diversion program, which would have led the court to have disapproved her for the program.

{¶ 30} In the case before us, the trial court laid out in its decision the State's legitimate need to protect the public's interest in knowing of Webb's OVI offense. The trial court did not appear to be motivated by hubris against Webb. To the contrary, the trial court noted that Webb was seeking the sealing of the record "for the purest of reasons."

{¶ 31} We cannot say that the trial court acted outside its discretion in weighing the interests of the parties and concluding that the State's need to protect the public's right to know outweighed Webb's interest in sealing the record. Accordingly, Webb's sole assignment of error is overruled.

## III. Conclusion

{¶ 32} Webb's sole assignment of error having been overruled, the order of the trial court denying her motion to seal the record of her dismissed OVI charge, from which this appeal is taken, is Affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and CUNNINGHAM, J., concur.

(Hon. Penelope R. Cunningham, First District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Joe Cloud
Thomas J. Manning
Hon. Cynthia M. Heck