[Cite as *State v. D.P.*, 2012-Ohio-3281.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE   COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2011-CA-54 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 05-CRB-700 |
| v. | : | |
| | : | (Criminal Appeal from Fairborn |
| D.P. | : | Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of July, 2012.

. . . . . . . . . . .

BETSY A. DEEDS, Atty. Reg. #0076747, Fairborn Municipal Prosecutor's Office, 510 West
Main Street, Fairborn, Ohio 45324
        Attorney for Plaintiff-Appellee

ROBERT ALAN BRENNER, Atty. Reg. #0067714, Robert Allen Brenner, LLC, Post Office
Box 341021, Beavercreek, Ohio 45434
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}     D.P. appeals from the trial court's denial of his motion to seal his record of

conviction pursuant to R.C. 2953.32.

**{¶ 2}** In his sole assignment of error, D.P. contends the trial court erred in finding that the State's interest in keeping the record of conviction unsealed outweighed his interest in sealing it.

**{¶ 3}** D.P. was convicted in November 2005 on one count of using a weapon while intoxicated in violation of R.C. 2923.15(A), a first-degree misdemeanor.[1] (Doc. #22). The incident involved police stopping D.P.'s car and finding a loaded handgun in the center console. Police had made the stop after receiving a report from D.P.'s wife that he was suicidal. (Doc. #3). D.P. received probation for the offense. His probation later was administratively terminated. (Doc. #23). D.P. also was charged with felony carrying a concealed weapon based on the same incident. He received intervention in lieu of conviction and successfully completed it. (Tr. at 8-10).

**{¶ 4}** In September 2010, D.P. moved to have the misdemeanor conviction sealed. The trial court held an August 23, 2011 hearing on the motion. The sole witness was D.P., a retired civilian engineer at Wright-Patterson Air Force Base. D.P.'s testimony established that he had a prior history of alcohol abuse, depression, and suicide attempts. At the time of the hearing, D.P. was being treated for depression and attended Alcoholics Anonymous meetings. (Tr. at 11-14). D.P. testified that he had not consumed any alcohol since October 1, 2009. (*Id*. at 12). He also testified that he had not had any contact with police since October 2009. (*Id*. at 16-17).

**{¶ 5}** D.P. explained that he wanted his misdemeanor conviction sealed because it interfered with his ability to obtain an adjunct teaching position at Wright State University.

---

[1] R.C. 2923.15(A), which is titled "Using Weapons While Intoxicated," provides: "No person, while under the influence of alcohol or any drug of abuse, shall carry or use any firearm or dangerous ordnance."

D.P. testified that he "unofficially" had been offered such a position. He did not pursue the opportunity, however, "because [he] knew that the minute [the] personnel department ran a background check on [him], that would not only be the end of that offer but the end of any possibility of teaching at Wright State." (*Id*. at 19-20). D.P. added that he "would be hard pressed to think of a job [he] could get with a conviction like that." (*Id*. at 20).

{¶ 6}   On cross-examination, D.P. provided more details about what had occurred on October 1, 2009, which was the last time that he had consumed alcohol. He acknowledged that police were called to his home on that occasion and that he was hospitalized. (*Id*. at 21). D.P. also acknowledged that police had been called to his house "quite a few times" after he completed his probation in the underlying case. (*Id*. at 21-22). He did not dispute that police had been called to his house seven times in 2007 and at least "several times" in 2008. (*Id*. at 23). The prosecutor then questioned D.P. about an incident on January 29, 2008, when he allegedly pointed his hand at medics, as if he were holding a gun, and said "boom." D.P. testified that he did not recall the incident. (*Id*. at 23-24).

{¶ 7}   During closing arguments, the trial court questioned whether sealing D.P.'s misdemeanor conviction would help him obtain a teaching job. The trial court opined that "education is one area that's an exception; they would still have access to this, I believe, regardless of what I would do." (*Id*. at 27-28). Defense counsel disagreed, explaining that the exception did not apply "in the college setting." (*Id*. at 28). In any event, defense counsel asserted that the conviction would harm D.P.'s job prospects in other fields too. (*Id*.). For its part, the State responded that it had a legitimate interest in keeping the conviction public to protect any law enforcement or medical personnel who might interact with D.P. in the future.

The State argued that such people should be "aware that he has a history of weapons and being under the influence of alcohol." (Id. at 30).

{¶ 8}     After hearing the parties' arguments, the trial court denied D.P.'s motion. It reasoned:

> * * * I've reviewed the documents provided by [D.P.] which demonstrate the history of alcoholism as well as depression and suicide attempts, including one with a butter knife in January of '08.
>
> There are not any further incidents since October of '09—there was actually, subsequent to October 1st, October 9th, which may have more to do with the theft, potential theft than anything else.
>
> Having said that, when I weigh everything and weigh the government's interest in maintaining the records, to [D.P.'s] interest in having the record sealed, given the history, I still find in favor that the State has an interest that outweighs [D.P's] interest.

(*Id*. at 31).

{¶ 9}     When considering a motion to seal a criminal conviction, a trial court must weigh "the interests of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records." R.C. 2953.32(C)(1)(e). A trial court's weighing of the competing interests is subject

to review for an abuse of discretion. *State v. Webb*, 2d Dist. Montgomery No. 24866, 2012-Ohio-2962, ¶ 14.

{¶ 10} "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeon, Inc*., 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985). Most instances of abuse of discretion will result in decisions that are unreasonable rather unconscionable or arbitrary. *State v. Cunningham*, 2d Dist. Clark No. 10-CA-57, 2012-Ohio-2794, ¶ 47. A decision is unreasonable if no sound reasoning process supports it. *Id.* "'It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result.'" *Id.*, quoting *AAAA Enterprises, Inc v. River Place Community Urban Redevelopment Corp*., 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 11} Having reviewed the record, we find no abuse of discretion in the trial court's denial of D.P.'s motion. D.P. has a history of alcohol problems, depression, and some suicidal tendencies. The record also reflects a history of emergency personnel being called to D.P.'s home. The last of these incidents occurred on October 1, 2009, which was less than two years before the hearing on the motion to seal his record. Although he no longer drank at the time of the hearing and was receiving treatment for depression, D.P.'s problems were recent enough for the trial court reasonably to conclude, for public-safety reasons, that the State had a legitimate interest in maintaining a record of his misdemeanor firearm conviction. The trial court also reasonably could find that this interest outweighed D.P.'s interest in improving his chances of obtaining an adjunct position or another job. Although D.P. asserted below that his

misdemeanor conviction rendered him virtually unemployable, the record contains no evidence supporting that claim. As set forth above, D.P. is retired. The only job he sought was the adjunct teaching position, and he failed to follow through with it. In any event, even if his misdemeanor conviction will prevent D.P. from teaching part time, we cannot say the trial court abused its discretion in denying his motion.

{¶ 12} In opposition to the foregoing conclusion, D.P. contends the trial court mistakenly minimized his interest in sealing his conviction by expressing its belief that educational institutions have access to sealed criminal records. D.P. claims this is not true with respect to employment at a university, as opposed to an elementary or secondary school. D.P. also argues that the trial court erroneously based it decision on a highly speculative possibility that he might relapse.

{¶ 13} During closing argument, defense counsel addressed the trial court's assertion that educational institutions have access to sealed records. Counsel specifically informed the trial court that Wright State University would not have access to D.P.'s record if it were sealed. The trial court did not state or imply otherwise in its decision denying sealing. Therefore, we do not find that the trial court erroneously minimized D.P.'s interest in sealing his record. Finally, the trial court's concern about D.P. relapsing was not so speculative as to constitute an abuse of discretion. As set forth above, D.P. had been sober and stable for less than two years at the time of the hearing. Despite his progress, the trial court did not act unreasonably in expressing concern about the possibility of a relapse.

{¶ 14} Based on the reasoning set forth above, we overrule D.P.'s assignment of error and affirm the judgment of the Fairborn Municipal Court.

**[Cite as *State v. D.P.*, 2012-Ohio-3281.]**

. . . . . . . . . . . . .

FAIN and DONOVAN, JJ., concur.


Copies mailed to:

Betsy A. Deeds
Robert A. Brenner
Hon. Beth W. Root