[Cite as *State v. J.D.*, 2013-Ohio-4706.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99521**

---

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## J.D.

DEFENDANT-APPELLEE

---

## JUDGMENT:
REVERSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-232189

**BEFORE:** Celebrezze, P.J., S. Gallagher, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** October 24, 2013

**ATTORNEYS FOR APPELLANT**

Edmund W. Searby
Dustin M. Dow
Lisa M. Ghannoum
Baker & Hostetler, L.L.P.
PNC Center
1900 E. 9th Street
Suite 3200
Cleveland, Ohio   44114

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    David Lambert
          Diane Smilanick
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Jeffrey F. Kelleher
1540 Leader Building
526 Superior Avenue
Cleveland, Ohio   44114


**FOR AMICUS CURIAE**

Robert L. Tobik
Cuyahoga County Public Defender
BY:    John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio   44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellant, the state of Ohio, brings this appeal from the granting of a motion to seal the records of a criminal case brought against appellee, J.D. The state argues that the trial court lacked jurisdiction and that it erred when it found that appellee's interests in having the records sealed outweighed those of the state in maintaining those records. After a thorough review of the record and law, we reverse.

## I. Factual and Procedural History

{¶2} J.D. was convicted and sentenced to death for the 1988 killing of a 19-year-old male. After exhausting his state appellate rights, J.D. sought relief in the federal court. His petition with the federal court found success based on the state's failure to turn over important evidence prior to trial in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The federal court initially vacated J.D.'s conviction and allowed him to be retried. After further discovery violations, the federal district court barred retrial. These decisions were upheld by the Sixth Circuit Court of Appeals.

{¶3} J.D. filed a motion to seal the records pertaining to Cuyahoga C.P. No. 1988-CR-232189 on December 20, 2012. In his brief in support, he alleged that sealing was necessary to allow him to "be able to pursue the remainder of his life without being saddled with the public record of this case." The state opposed the motion on three grounds. It argued in its motion in opposition that the state needed access to the records

in three other matters: the retrial and appeal of a codefendant and two civil suits filed by J.D. against the state.

{¶4} The trial court held a hearing on J.D.'s motion on January 11, 2013. There, it heard from his attorney, the public defender's office, and the state. The court issued its decision on January 11, 2013, granting the motion. The court found that the indictment against appellee was dismissed, he was not facing any pending criminal charges, and "the interest of the applicant in having the records pertaining to the case sealed are not outweighed by any legitimate needs of the government to maintain those records." The trial court ordered "that all official records pertaining to this case shall be sealed and that, except as provided in Ohio Revised Code Section 2953.53, the proceedings in this case shall be deemed not to have occurred." The state then timely filed the instant appeal raising two errors:

> I. The trial court erred when it ordered "all official records pertaining to this case" to be sealed without jurisdiction to do so.
>
> II. The trial court abused its discretion in sealing "all official records pertaining to this case" to be sealed when these records are required for an ongoing criminal case and two civil cases.

## II. Law and Analysis

### A. Jurisdiction

{¶5} The state first argues that the trial court lacks jurisdiction to seal the records in this case because this court is addressing an appeal of a codefendant. The state points to case law holding that a trial court has no jurisdiction to perform an act that would interfere "with the power and jurisdiction of this court of appeals to review and to affirm,

modify, reverse or remand the case." *State v. McGettrick*, 40 Ohio App.3d 25, 33, 531 N.E.2d 755 (8th Dist.1988), citing App.R. 12.

**{¶6}** The trial court's order only pertains to the records related to appellee. Further, the state has failed to point to any specific item necessary for this court's review of the codefendant's separate trial and appeal. The state asks this court to assume impingement on our ability to properly review the appeal of the codefendant where the state offers no instances of impact on this court's review of the codefendant's appeal.[1] Never has this court held that a codefendant's separate pending criminal proceeding relieves a court of jurisdiction to hear a motion for the sealing of records pursuant to R.C. 2953.52, and the state has not pointed to facts or case law that would support such a conclusion. The statute also does not concern itself with the pending cases of others. The trial court must determine if there are any pending criminal proceedings against the applicant. R.C. 2953.53.

**{¶7}** Finally, the state's jurisdictional argument is further compromised by a 2009 order sealing the records of conviction and trial, except for the indictment, brought about by federal court order. After vacating J.D.'s convictions, the federal district court judge ordered that all records pertaining to J.D.'s trial and conviction be expunged except for the indictment.[2] This order was carried into effect by order of the state trial court on July 10, 2009, where it was ordered that J.D.'s "criminal record is ordered expunged and

---

[1] The state points to a stipulation by J.D. of the existence of the codefendant's appeal.

[2] The propriety of this order is not presently before this court.

sealed; [J.D.'s] conviction is ordered expunged and sealed; the original indictment is not expunged, pursuant to orders of United States District Court Judge Kathleen O'Malley issued on 4/27/2009 and 6/09/2009."[3]   The sealing of the indictment and other investigatory files related to J.D. alone does not create the jurisdictional hurdle the state asserts exists.   Therefore, the state's first assignment of error is overruled.

## B. Abuse of Discretion

**{¶8}** The decision to grant or deny a motion filed pursuant to R.C. 2953.52 is reviewed for an abuse of the trial court's discretion.   *State v. Andrasek*, 8th Dist. Cuyahoga No. 81398, 2003-Ohio-32, ¶ 11, quoting *State v. Haney*, 70 Ohio App.3d 135, 139, 590 N.E.2d 445 (10th Dist.1991).   The trial court must determine whether the application is timely, that there are no criminal actions pending against the applicant, and that the applicant's interests outweigh the legitimate needs, if any, of the government to maintain those records.   R.C. 2953.52(B)(2)(b), (c), and (d).   It is, however, the applicant's burden to demonstrate legitimate reasons that the records should not remain open to the public.   *Haney* at 139.   Once this burden is met and those needs outweigh the legitimate interests of the state in maintaining the records, the application should be freely granted.   *State v. Garry*, 173 Ohio App.3d 168, 2007-Ohio-4878, 877 N.E.2d 755 (1st Dist.).

---

[3] Also not before this court is the validity of this order or under what statutory authority the trial court could issue such an order. The court was attempting to comply with an imperfect federal court order that did not rest its authority on state law.

**{¶9}** Just as this court will not assume prejudice asserted by the state in its first assignment of error, the trial court cannot assume prejudice where none is offered by the applicant for the sealing of records. J.D. offered three justifications for sealing the records before the trial court: (1) the prior expungement ordered by the federal court, (2) that he was saddled with public records of arrest and indictment, and (3) that he was living a law-abiding life and was gainfully employed.

**{¶10}** The first reason does not present a justification for further sealing because the parameters of the federal court order were complied with, and the records of J.D.'s trial and conviction were expunged pursuant to that order. The definition of "official record" contained in R.C. 2953.51 indicates the breadth of J.D.'s motion encompasses much more than the indictment in this case:

> All records that are possessed by any public office or agency that relate to a criminal case, including, but not limited to: the notation to the case in the criminal docket; all subpoenas issued in the case; all papers and documents filed by the defendant or the prosecutor in the case; all records of all testimony and evidence presented in all proceedings in the case; all court files, papers, documents, folders, entries, affidavits, or writs that pertain to the case; all computer, microfilm, microfiche, or microdot records, indices, or references to the case; all index references to the case; all fingerprints and photographs; all DNA specimens, DNA records, and DNA profiles; all records and investigative reports pertaining to the case

that are possessed by any law enforcement officer or agency, except that any records or reports that are the specific investigatory work product of a law enforcement officer or agency are not and shall not be considered to be official records when they are in the possession of that officer or agency; and all investigative records and reports other than those possessed by a law enforcement officer or agency pertaining to the case.

Therefore, the prior federal order has little impact on the current motion for the sealing of these records.

{¶11} The second reason for sealing the records is a general privacy interest possessed by all individuals. The third reason actually speaks against granting the application because J.D. indicated he had no issues gaining employment despite the existence of the records he sought to seal.

{¶12} Prior to enactment of the statute, the Ohio Supreme Court held that "[t]ypically, the public interest in retaining records of criminal proceedings, and making them available for legitimate purposes, outweighs any privacy interest the defendant may assert." *Pepper Pike v. Doe*, 66 Ohio St.2d 374, 377, 421 N.E.2d 1303 (1981). While there is a greater emphasis on an individual's right to privacy under R.C. 2953.53, "the public's need to know is a relevant, legitimate governmental need under the statute." *State v. Greene*, 61 Ohio St.3d 137, 140, 573 N.E.2d 110 (1991) (Moyer, C.J., concurring in part and dissenting in part). *See also State v. Brown*, 10th Dist. Franklin No. 07AP-255, 2007-Ohio-5016.

**{¶13}** Here, J.D. has asserted only a general privacy argument supporting his motion. In a case with a similarly weak argument, the Tenth District affirmed the denial of an application for sealing of records. It found:

> An examination of the record indicates that, although there was a hearing, no evidence, only argument of counsel, was presented. The application of defendant is very simple and merely requests expungement pursuant to R.C. 2953.52 and is not supported by any affidavit.
>
> * * *
>
> No special need for expungement is set forth or contended by defendant.

*State v. Haney*, 70 Ohio App.3d 135, 138-139, 590 N.E.2d 445 (10th Dist.1991).

**{¶14}** In contrast, the state has asserted a clear, legitimate need to use records associated with its investigation in the civil suits J.D. has filed. Further, the mechanism that generally allows the state to use those records in defense of its employees is inadequate in this case because R.C. 2953.53 only allows for use of the records by a "law enforcement officer" in his or her own defense. Appellee's state civil suit is against the state of Ohio generally, not against individual actors, so that provision would not allow the state to use records developed in its investigation of J.D. in its defense.

**{¶15}** The state argues that J.D. initiated two civil suits, one in state court and one in federal court, seeking damages from the state's violation of his constitutional rights. These suits necessarily rely on events and information from J.D.'s trial. The state argues that the provisions in R.C. 2953.53(D) are inadequate in this case to allow it to use the records in its defense. This statute provides, in part:

A public office or agency also may maintain an index of sealed official records, in a form similar to that for sealed records of conviction as set forth in division (F) of section 2953.32 of the Revised Code, access to which may not be afforded to any person other than the person who has custody of the sealed official records. The sealed official records to which such an index pertains shall not be available to any person, except that the official records of a case that have been sealed may be made available to the following persons for the following purposes:

(1) To the person who is the subject of the records upon written application, and to any other person named in the application, for any purpose;

(2) To a law enforcement officer who was involved in the case, for use in the officer's defense of a civil action arising out of the officer's involvement in that case[.]

This statute allows a "law enforcement officer" to use sealed records "for use in the officer's defense" in a civil action. The state asserts that there are no "law enforcement officers" involved in the state and federal suits to which this section applies because the actions are against the state of Ohio or Cuyahoga County rather than individuals.

{¶16} The Sixth District has indicated that the impact the granting of the application would have on civil litigation is a legitimate factor the trial court should consider. *State v. Bates*, 6th Dist. Williams No. WM-11-007, 2012-Ohio-1397, ¶ 12. Without any evidence or justification beyond a brief, general privacy argument offered by J.D., the trial court erred in granting J.D.'s motion where the state offered significant legitimate interests in maintaining these records.

{¶17} J.D. argues the state has waived this argument because it did not appeal from the July 10, 2009 order of expungement where it actually argued for the expungement of all records of conviction including the indictment. That order does not

have res judicata effect on the present motion because the "official record" includes more than the records of conviction, as explained above.[4]  Nor do the state's arguments presented in that motion preclude opposition here.  The prior motion brought by the state was pursuant to federal order and was for the expungement of records of conviction — those related to trial.  Here, the motion encompasses not only those records, but also investigatory records and other records the state must use to defend itself in civil litigation initiated by J.D.

### III.  Conclusion

{¶18} This is more than a simple disagreement with the decision reached by the trial court.  J.D. offered no justification for the sealing of the records of his investigation and indictment apart from a general privacy interest, and the state offered a significant justification beyond the public's right to open records. Therefore, the trial court abused its discretion in granting J.D.'s motion.

{¶19} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[4] All parties acknowledge that the prior order contemplated retrial and use of investigatory records that would be sealed under R.C. 2953.53.  Therefore, those records necessarily were not sealed under the prior order.  Again, the statutory authority for such action and whether this order is void is not before this court.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KENNETH A. ROCCO, J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS WITH SEPARATE OPINION

SEAN C. GALLAGHER, J., CONCURRING:

{¶20} While I concur with the judgment and the analysis of the majority in reversing the judgment of the trial court that granted the expungement and sealing of records in this case, I write separately to address concerns about the federal court's decision to order an expungement and the effect of the state court orders subsequent to that federal order, touched upon in the majority's well-reasoned decision.

{¶21} There is no question the federal courts have the authority to address federal constitutional claims arising from state court actions and may impose appropriate relief. I am nevertheless concerned that in this case the federal court, after initially ordering a new trial, subsequently barred that retrial and ordered not only a dismissal, but an expungement, upon which the trial court relied in expunging the official record pursuant to R.C. 2953.53.

**{¶22}** Ohio is a separate and equal sovereign to the federal government. Certainly, the federal court in an effort to address the state's constitutional violations of J.D.'s rights could order the state court to expunge J.D.'s record of conviction in light of the federal court's determination that the prosecutor violated J.D.'s constitutional rights at trial. *Satterlee v. Wolfenbarger*, 453 F.3d 362 (6th Cir.2006) (habeas courts have the inherent power to order the expungement of the record of a conviction based on the habeas statute, which provides "[t]he court shall * * * dispose of the matter as law and justice require"). However, the federal court ordering expungement outright of J.D.'s official record without consideration of Ohio's expungement requirements would exceed the federal court's inherent authority. *U.S. v. Mitchell*, 683 F.Supp.2d 427, 431-432 (E.D.Va. 2010) (federal courts lack the inherent authority to expunge records solely for equitable reasons, pursuant to the court's ancillary jurisdiction in federal court proceedings).

**{¶23}** For that reason, the trial court's determination to expunge J.D.'s official record pursuant to R.C. 2953.53 could not be predicated on the federal court's order expunging J.D.'s records. The federal court could only expunge J.D.'s record of conviction because the habeas matter puts J.D. back into the position he was before the trial and ultimate conviction in which the constitutional issues germinated. As the majority notes, the scope of J.D.'s expungement request in the state court well exceeded that of the federal court's order by seeking the expungement of all official records. Expunging all of J.D.'s official records would be ancillary to the federal court's habeas review because J.D. only challenged the constitutional infirmity of his conviction.

**{¶24}** As far as the state court orders of expungement are concerned, I find the initial two orders to be "nullities." Neither order resulted in the expungement of any records, demonstrated by the fact the trial court issued a third order of expungement that actually resulted in the records being sealed. The initial July 2009 order was at best contradictory, ordering expungement "of all criminal records" while preserving the indictment. Likewise, the language in the May 2010 order also failed to result in the actual expungement of any records by the clerk. For these reasons, I consider these two earlier orders to be nullities.