PD-0474-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/15/2015 9:47:59 AM
Accepted 7/15/2015 10:00:20 AM
ABEL ACOSTA
CLERK

# PD-0474-14

## COURT OF CRIMINAL APPEALS
## AUSTIN, TEXAS

**LAWRENCE DONOVAN**
**Petitioner**

**v.**

**STATE OF TEXAS**
**Respondent**

**On Appeal from the**
**Court of Appeals for the Second District**
**Fort Worth Texas**
**Cause No. 02-11-00033-CR**

## MOTION FOR REHEARING

John H. Cayce, Jr.
State Bar No. 04035650
john.cayce@kellyhart.com
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas  76102
Telephone:  (817) 332-2500
Telecopier:  (817) 878-9280

**ATTORNEY FOR PETITIONER**

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES......................................................................................... ii

GROUNDS FOR REHEARING .................................................................................1

ARGUMENT .................................................................................................................1

PRAYER FOR RELIEF .................................................................................................6

CERTIFICATE OF COMPLIANCE, TEX. R. APP. P. 79.2....................................6

CERTIFICATE OF COMPLIANCE, TEX. R. APP. P. 9.4.....................................7

CERTIFICATE OF SERVICE .....................................................................................7

# INDEX OF AUTHORITIES

**State Cases**

*Ohio v. Garry*,
   877 N.E.2d 755 (Ohio Ct. App. 2007)....................................................................4

**State Statutes**

11 DEL. CODE § 4371 (2010) ...................................................................................5

**Other Authorities**

Andrew L. Gates III, Comment, *Arrest Records—Protecting the
   Innocent*, 48 TUL. L. REV. 629, 634 (1974) .........................................................4

Fruqan Mouzon, *Forgive Us Our Trespasses:  The Need for Federal
   Expungement Legislation*, 39 U. Mem. L. Rev. 1, 3-4 (2008) .............................4

## GROUNDS FOR REHEARING

On July 1, 2015, the Court issued its unanimous Opinion affirming the judgment of the court of appeals. (Copy attached). The Opinion effectively grants trial courts the unbridled discretion to ignore the binding legal effect of a final expunction order in revoking a condition of community supervision. In so doing, the Opinion will create uncertainty in the bench and bar about the legal rights of persons who have had their records expunged, and will jeopardize the protections Texas' expungement laws were designed to afford individuals with expunged records. This will have a deleterious effect on society as whole by undermining one of the primary policy reasons for expunctions—to enable persons with arrest or conviction records to integrate back into society and live normal, happy lives. The Motion for Rehearing ("the Motion") should be granted to address these serious public and jurisprudential concerns.

## ARGUMENT

Mr. Donovan's probation for injury to a child, a *non-sex* offense, was revoked after he refused to "fully" participate in a sex-offender treatment program in which the treatment provider pressured him to admit to the commission of a sex offense that had earlier been the subject of a "not guilty" judgment and subsequent expunction order.[1] When Mr. Donovan and his attorneys protested that the

---

[1] No reason was ever given to Mr. Donovan or his counsel for adding the sex-offender treatment condition to his probation.

treatment provider was violating explicit language of the expunction statute by requiring discussion of the expunged sex offense during group counseling sessions, the trial judge told the treatment provider that Mr. Donovan would *not* be required to "admit" the expunged offense during the group therapy meetings.[2] RR.II: 14, 46.

Of course, Mr. Donovan had every reason to believe the trial judge's instructions would be honored and that he could safely rely on her instructions in refusing to discuss the expunged offense at future meetings. Indeed, had the trial judge informed Mr. Donovan when she added the sex-offender treatment condition to his probation that he would be required to discuss the expunged offense during treatment, he would have never acquiesced to the condition being added to his probation in the first place.[3]

Despite the trial judge's instructions, however, the treatment provider continued to insist on Mr. Donovan's admission to the expunged sex offense. RR.II: 56. Moreover, at the revocation hearing, the trial judge did an "about face"—she *reversed* her earlier directive that the expunction order should be honored, and announced that she now determined the order was "illegal" and "baseless." RR.III: 8-9.

---

[2] The record is devoid of any notice to Mr. Donovan's defense counsel that the expunction order would be ignored by the treatment provider, or that Mr. Donovan would be required to admit to a sex offense in order to complete the program.

[3] This became abundantly clear when Mr. Donovan later objected to the condition and requested that it be rescinded.

Contrary to the Court's opinion, this Catch-22 situation resulting in the revocation of Mr. Donovan's probation was not "within [Mr. Donovan's] control." Op. at 10. By allowing the revocation judgment to stand under these egregious set of facts, the Court has effectively condoned the direct violation of Texas expunction law by a trial court. This will foster untold confusion and mischief in the Texas criminal justice system.

For example, assume that a person who was found not guilty of an intoxication-related offense obtains an expunction order. If she is later placed on probation in an unrelated case, under the Court's Opinion, the treatment provider could ask her to admit to the intoxication offense as part of a treatment program with impunity. If she did not admit to the expunged offense, her probation could be lawfully revoked by the trial judge. This is just one of a myriad of potential situations where the legal protections historically afforded by an expunction order could be disregarded in a court of law under the Court's opinion, to the detriment of innocent persons who rightfully rely on those protections.

The Court's decision also undermines the public policy behind Texas' expunction law. Expunctions serve an important purpose in society, especially in cases like this where the individual was adjudged "not guilty" of the expunged offense. As one scholar has noted with regard to ex-offenders (which Mr. Donovan is not):

The mere existence of a criminal history can produce assumptions of past dishonesty and future untrustworthiness in the minds of all those aware of that history. Those assumptions often create substantial obstacles to acquiring, among other things, employment and housing. In addition, some ex-offenders are disqualified at least temporarily from obtaining federal loans or grants for post-secondary education. Even government programs designed to assist the poor, like food stamps, are unavailable to some ex-offenders, making rehabilitation far more arduous.[4]

Reintegration into society without employment or housing and without any chances of attaining help is, at best, unlikely.

Persons with arrest records can suffer the same marginalizing effects suffered by those with criminal records.[5] Thus, the policies behind expunging arrest records are substantially the same as those behind expunging conviction records. As an Ohio appellate court wrote in 2007:

[I]n America, people are presumed innocent unless tried and convicted. In this case, the defendant was tried and found not guilty, but continues to suffer punishment in the form of a criminal arrest record. This we cannot allow.[6]

Indeed, the legislature in Delaware codified a public policy similar to that which underlies Texas' expungement statute:

The General Assembly finds that arrest records can be a hindrance to an innocent citizen's ability to obtain employment, obtain an education or to obtain credit. This subchapter is intended to protect

---

[4] Fruqan Mouzon, *Forgive Us Our Trespasses: The Need for Federal Expungement Legislation*, 39 U. Mem. L. Rev. 1, 3-4 (2008).

[5] *See* Andrew L. Gates III, Comment, *Arrest Records—Protecting the Innocent*, 48 TUL. L. REV. 629, 634 (1974) (observing that "a mere arrest record has considerable potential for causing harm to an individual," particularly when the person attempts to obtain a job).

[6] *Ohio v. Garry*, 877 N.E.2d 755 (Ohio Ct. App. 2007) (emphasis added).

innocent persons from unwarranted damage which may occur as the result of arrest and other criminal proceedings which are unfounded or unproven.[7]

In Mr. Donovan's case, the expunged offense was *unfounded and unproven*. The State, in fact, *agreed* Mr. Donovan was "not guilty" of the sex offense. Yet, the legal effect of the expunction was ignored by the trial judge and Mr. Donovan was treated, for all practical purposes, as if he had been convicted of the offense. As a result, not only will Mr. Donovan unjustly suffer the loss of his liberty for standing on his legal rights not to discuss or admit an expunged arrest record while on probation for another offense, but, because the revocation of his probation was based on his refusal to discuss or admit the expunged record, he will wrongly suffer the same harmful, marginalizing effects that a person with a criminal *conviction* record suffers—all as a result of the justifiable trust he placed in the *undisputed* fact that the record of the *expunged offense* was, in fact, expunged.

If the Court intends expunctions to have any force and effect at all, and to continue to be used to protect innocent persons from unwarranted damage which may occur as the result of arrest and other criminal proceedings which are unfounded or unproven, the Motion must be granted and the Court's opinion must be withdrawn.

---

[7] 11 DEL. CODE § 4371 (2010).

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Mr. Donovan prays that the Court grant this Motion for Rehearing, order briefing on this cause, and set it for re-submission at the earliest possible date. Moreover, upon submission and review of the appellate record and the briefs and arguments of counsel, Mr. Donovan prays that this Court reverse the trial court's Judgment of Conviction, or alternatively remand the case to the Second Court of Appeals and for such further relief as the Court may deem appropriate.

Respectfully submitted,

*/s/ John H. Cayce, Jr.*
John H. Cayce, Jr.
State Bar No. 04035650
john.cayce@kellyhart.com
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telecopier: (817) 878-9280

**ATTORNEY FOR PETITIONER**

## CERTIFICATE OF COMPLIANCE, TEX. R. APP. P. 79.2

In accordance with Tex. R. App. P. 79.2(c), I certify that this Motion for Rehearing that refuses Petitioner's Petition for Discretionary Review is grounded only on substantial intervening circumstances or on other significant circumstances which are specified in the Motion. I further certify that this Motion is so grounded and that the Motion is made in good faith and not for delay.

*/s/ John H. Cayce, Jr.*
John H. Cayce, Jr.

## CERTIFICATE OF COMPLIANCE, Tᴇx. R. Aᴘᴘ. P. 9.4

This petition complies with the requirements of Texas Rules of Appellate Procedure 9.4(3) because it has been prepared in a proportionally spaced typeface using "Microsoft Word 2010" in fourteen (14) point "Times New Roman" style font, and it contains 1,335 words, excluding the parts of the petition exempted by the Texas Rules of Appellate Procedure.

*/s/ John H. Cayce, Jr.*
John H. Cayce, Jr.

## CERTIFICATE OF SERVICE

I certify that on this 15th day of July, 2015, a true and correct copy of the foregoing document has been delivered to the following counsel of record by electronic service and/or e-mail:

Debra Windsor, Chief, Post-Conviction
Kimberley Wesley, Assistant District Attorney
**Tᴀʀʀᴀɴᴛ Cᴏᴜɴᴛʏ Dɪsᴛʀɪᴄᴛ Aᴛᴛᴏʀɴᴇʏ's Oғғɪᴄᴇ**
401 W. Belknap, Fourth Floor
Fort Worth, Texas 76196-0201

State Prosecuting Attorney
209 W. 14th Street
Austin, Texas 78701

*/s/ John H. Cayce, Jr.*
John H. Cayce, Jr.