[Cite as *State v. Delgado*, 2015-Ohio-5256.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102653**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ELADIO DELGADO

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-05-466377-A

**BEFORE:** Keough, P.J., Blackmon, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** December 17, 2015

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
By: Sarah E. Gatti
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Diane Smilanick
Assistant County Prosecutor
Justice Center
1200 Ontario Street
Cleveland, Ohio 44115

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Eladio Delgado ("Delgado") appeals from the trial court's denial of his application to seal his criminal record. We reverse the trial court's judgment, and remand with instructions for the trial court to hold the hearing and engage in the balancing test required by R.C. 2953.52(B).

## I. Background

{¶2} In May 2005, Delgado was charged in Case No. CR-05-466377 with attempted murder in violation of R.C. 2903.02; two counts of felonious assault in violation of R.C. 2903.11, and having weapons while under disability in violation of R.C. 2923.13. In August 2005, at the request of the state, the trial court dismissed all charges without prejudice.

{¶3} In April 2013, Delgado filed a pro se application to seal the record pursuant to R.C. 2953.**52** and requested a hearing on his application. The state filed a brief in opposition in which it argued that pursuant to R.C. 2953.**32**, the trial court was required to determine whether Delgado was an eligible offender and consider the state's reasons against granting the application. The state argued that due to Delgado's extensive record of arrests and convictions, the state had a "legitimate interest" in maintaining the records that outweighed Delgado's interest in having the records sealed. The trial court set the matter for hearing but denied the application because Delgado did not appear for the hearing. Delgado did not appeal.

**{¶4}** In October 2013, Delgado filed another pro se application to seal the record pursuant to R.C. 2953.52 and requested a hearing. The state filed a brief opposing Delgado's motion in which it argued that under R.C. 2953.52, the trial court was required to weigh the applicant's interest in having the records sealed with the government's needs to maintain the records. The state asserted that in light of Delgado's numerous other state and federal convictions dating back to 1983, including convictions for breaking and entering, receiving stolen property, grand theft, drug possession, and having weapons while under a disability, the state's interest in maintaining the record outweighed Delgado's interest in having it sealed. In November 2013, the trial court denied Delgado's application, without a hearing, ruling that he was "statutorily ineligible due to not being a first offender." Delgado did not appeal.

**{¶5}** In December 2014, Delgado filed his third pro se application to seal the record pursuant to R.C. 2953.52. In January 2015, the trial court, again without a hearing, denied Delgado's application, again finding that he was "statutorily ineligible as defendant not a first offender." This appeal followed.

## II. Analysis

**{¶6}** Delgado raises two assignments of error on appeal: (1) the trial court erred in denying his application without a hearing; and (2) the trial court erred in denying his application on the ground that he was not a first-time offender because R.C. 2953.52 contains no eligibility requirements.

**{¶7}** Under Ohio law, there are two statutory methods to expunge and seal criminal records. *Schussheim v. Schussheim*, 12th Dist. Warren No. CA2011-07-078, 2012-Ohio-2573, ¶ 10. Specifically, "R.C. 2953.**32** * * * allows convicted first-time offenders to seek the expungement and sealing of their conviction records, [while] R.C. 2953.**52** * * * allows for the expungement and sealing of a defendant's criminal records if the defendant was found not guilty, the case was dismissed, or a grand jury returned a no bill." *Id.* (Emphasis added.)

**{¶8}** Delgado brought all three petitions pursuant to R.C. 2953.**52**, which requires the trial court to hold a hearing and do each of the following:

> (a)(i) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed * * *; (ii) If the complaint, indictment, or information in the case was dismissed, determine whether it was dismissed with prejudice or without prejudice and, if it was dismissed without prejudice, determine whether the relevant statute of limitations has expired;
>
> (b) Determine whether criminal proceedings are pending against the person;
>
> (c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;
>
> (d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any of the government to maintain those records.

R.C. 2953.52(B)(2)(a)-(d).

**{¶9}** If the court determines, after complying with division (B)(2), that (1) the complaint, indictment, or information in the case was dismissed, (2) that no criminal proceedings are pending against the person, and (3) that the interest of the person in

having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records, then "the court shall issue an order directing that all official records pertaining to the case be sealed and that * * * the proceedings in the case be deemed not to have occurred." R.C. 2953.52(B)(4).

{¶10} It is the defendant's burden to demonstrate legitimate reasons, as opposed to a general privacy interest, why the records should not remain open to the public. *State v. J.D.*, 8th Dist. Cuyahoga No. 99521, 2013-Ohio-4706, ¶ 8, citing *State v. Haney*, 70 Ohio App.3d 135, 139, 590 N.E.2d 445 (10th Dist.1991). Once this burden is met and those needs outweigh the legitimate interests of the state in maintaining the records, the application should be freely granted. *J.D.*, citing *State v. Garry*, 173 Ohio App.3d 168, 2007-Ohio-4878, 877 N.E.2d 755 (1st Dist.).

{¶11} The trial court must engage in the balancing test required by R.C. 2953.52(B)(2) and set forth in the record its findings indicating that it weighed the requisite interests of the defendant and the state as required by the statute. *Cleveland v. Hogan*, 8th Dist. Cuyahoga No. 85214, 2005-Ohio-3167, ¶ 11-12; *see also Avon Lake v. Chiricosta*, 9th Dist. Lorain No. 99CA007532, 2000 Ohio App. LEXIS 3804, *5 (Aug. 23, 2000) (reversing and remanding trial court's denial of application to seal record under R.C. 2953.52 where court's denial "makes no indication that it considered any of the mandatory factors nor does it note that it made the required findings with respect to the balancing of interests").

**{¶12}** Generally, we will not reverse a trial court's decision concerning an application filed under R.C. 2953.52 absent an abuse of the court's discretion. *State v. Andrasek*, 8th Dist. Cuyahoga No. 81398, 2003-Ohio-32, ¶ 11. However, if a trial court's decision is based on "an erroneous interpretation or application of the law," we will review the matter de novo. *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6-7.

**{¶13}** It is apparent that the trial court's decision — which denied Delgado's application as statutorily ineligible because he was not a first-time offender — is based on an erroneous application of the law. R.C. 2953.**32** allows convicted eligible offenders to seek the sealing of their convictions, while R.C. 2953.**52** allows for the sealing of a defendant's criminal record if the defendant was found not guilty, the case was dismissed, or the grand jury returned a no bill. *State v. Heidrick*, 10th Dist. Franklin No. 12AP-1054, 2013-Ohio-3544, ¶ 5. In order for a convicted defendant to have his record sealed under R.C. 2953.**32**, the defendant must qualify as an "eligible offender" under R.C. 2953.31(A). However, R.C. 2953.**52** — the statute pursuant to which Delgado brought his application — contains no eligibility restrictions on a defendant who was not convicted. A defendant who was not convicted and seeks to have his record sealed under R.C. 2953.52(A) need not qualify as an "eligible offender" under R.C. 2953.31(A). Stated another way, a defendant in a case where all charges were dismissed need not be a first offender in order to have his criminal record in the case sealed. Accordingly, the

trial court erred in finding that Delgado was not eligible to have the record in this case sealed because he was not a first offender.

**{¶14}** Furthermore, the record reflects that the trial court did not hold the hearing required by R.C. 2953.52(B)(1) to make the necessary findings and weigh the relevant factors delineated in R.C. 2953.52(B)(2)(a) through (d).

**{¶15}** Nevertheless, the state contends that despite the trial court's failure to hold a hearing and weigh the applicable statutory factors, Delgado's application is barred by the doctrine of res judicata because he failed to appear at the hearing on his first application. The state never asserted res judicata in the trial court, however, and cannot raise it now on appeal. *State v. Walls*, 8th Dist. Cuyahoga No. 79196, 2001 Ohio App. LEXIS 5188, *7 (Nov. 21, 2001) (res judicata is an affirmative defense that is waived if not timely asserted); *State v. Skoglund*, 8th Dist. Cuyahoga No. 46988, 1983 Ohio App. LEXIS 15958, *4 (Nov. 3, 1983) (the failure to raise the defense of res judicata at the trial level precludes a party from raising it at a later time).

**{¶16}** Moreover, "[r]es judicata is a rule of fundamental and substantial justice, that is to be applied in particular situations as fairness and justice require, and that * * * is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice." *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 25. The record in this case demonstrates that the application of res judicata to Delgado's petition would work an injustice. The trial court did not hold the required R.C. 2953.52(B) hearing on any of Delgado's applications, and it applied the wrong legal analysis in

denying his second and third applications. Furthermore, there is nothing in the record demonstrating that the trial court gave Delgado notice that it would dismiss his first application if he did not appear at the scheduled hearing. And we question whether Delgado even received notice that a hearing had been set. The record reflects that on May 9, 2013, the trial court set the hearing for May 14, 2013, only five days later.

{¶17} Accordingly, we sustain the first and second assignments of error, reverse the trial court's judgment denying Delgado's application, and remand for the trial court to hold the hearing required by R.C. 2953.52(B) and weigh the interests of Delgado and the state in sealing the record as required by the statute.

{¶18} Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
ANITA LASTER MAYS, J., CONCUR