[Cite as *State v. J.S.*, 2017-Ohio-7613.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 16AP-624 (M.C. No. 2016 CRX 51430) |
| [J.S.], | : | |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on September 14, 2017

On brief: Richard C. Pfeiffer, Jr., City Attorney, and Melanie R. Tobias, for appellee. Argued: Melanie R. Tobias.

On brief: Stefania Denbow-Hubbard, for appellant. Argued: Barton A. Hubbard.

APPEAL from the Franklin County Municipal Court

HORTON, J.

{¶ 1} Defendant-appellant, J.S., appeals from the decision of the Franklin County Municipal Court denying her application under R.C. 2953.32(A)(1) to seal a record of her conviction for attempted assault. For the following reasons, we reverse and remand.

I. FACTUAL AND PROCEDURAL HISTORY

{¶ 2} On November 17, 2008, a complaint was filed in the trial court alleging that J.S. had sprayed her stepmother in the face with mace. J.S. was charged with one count of domestic violence under R.C. 2919.25(A) and one count of assault under R.C. 2303.13. (Nov. 17, 2008 Compl.) On May 18, 2009, she entered a plea of guilty to one charge of attempted assault under R.C. 2923.02, a second degree misdemeanor, and the domestic violence charge was dismissed. The trial court imposed a suspended sentence of 90 days

of incarceration and 2 years of community control. (May 18, 2009 Jgmt. & Sentence Entry.)

{¶ 3}   On May 12, 2016, J.S. filed an application under R.C. 2953.33, seeking an order from the trial court sealing the record of her May 18, 2009 conviction for attempted assault. (May 12, 2016 Application.) In support of her application, J.S. attached an affidavit from her supervisor at the bagel shop where she worked. Her supervisor stated that J.S. had worked at the bagel shop for two months and was "a reliable, hard-working employee" who was "very personable with customers" and "well-liked" by the staff. The supervisor also stated that she had been J.S.'s "close personal friend [] for over twelve years," and that J.S. was "a peaceful, friendly person, who does not engage in physical altercations or threaten physical violence." (Application at Ex. B.)

{¶ 4}   The state filed an objection to the application on July 21, 2016. The state argued that its interests in maintaining a public record of J.S.'s conviction outweighed her interest in having the record sealed because the record would assist both police officers investigating a domestic violence incident in determining the primary physical aggressor and any judge having to set bond for such an offense in an arraignment. (July 21, 2016 Obj.)

{¶ 5}   The trial court held a hearing on the application on July 29, 2016. Counsel for J.S. and the state argued their respective positions, but no additional testimony or evidence was introduced beyond the affidavit from J.S.'s supervisor. At the conclusion of the hearing, the trial court described the state's argument regarding the need to access the conviction record as "persuasive," and then stated that it was denying the application because J.S.'s supervisor had not attested to any circumstances that prevented J.S. from "moving forward," and there was no evidence that J.S. was "actually being affected" by her conviction. (July 29, 2016 Tr. at 12.)  Accordingly, the trial court filed an entry denying the application on the grounds that "the applicant's interests to have the records sealed are outweighed by a legitimate governmental need to maintain the records." (July 29, 2016 Entry.)

{¶ 6}   J.S. filed a timely notice of appeal and asserts the following three assignments of error:

> [I.] The Trial Court Erred in Denying the Appellant's
> Application to Seal Her Record Without First Engaging in

the Proper Weighing and Reasoning as Required by Statute and by Further Failing to Set Forth in the Record or in the Entry any Evidence To Demonstrate that the Court Properly Weighed the Required Factors Before Denying the Appellant's Application.

[II.] The Trial Court Erred in Denying the Appellant's Application to Seal Her Record by Disregarding and Failing to Consider and Make Findings Concerning Her Rehabilitation as an Eligible Offender, in Violation of R.C. 2953.52(C)(1)(c).

[III.] The Trial Court Erred in Denying the Appellant's Application to Seal Her Record Where the Information Provided to the Court Manifestly Established her Rehabilitation and Need for that Relief as Weighed Against the Unsupported Law Enforcement Reason Alleged by the Prosecutor.

## II. STANDARD OF REVIEW

{¶ 7} An abuse of discretion standard applies to appellate review of an application to seal a record of conviction under R.C. 2953.32. *State v. D.G.*, 10th Dist. No. 14AP-476, 2015-Ohio-846, ¶ 6, citing *State v. Norfolk*, 10th Dist. No. 04AP-614, 2005-Ohio-336, ¶ 4. And, more specifically, "the determination as to whether the legitimate governmental need to maintain the records outweighs the applicant's interest in having the records sealed is a matter lying within the sound discretion of the trial court." *State v. Haney*, 70 Ohio App.3d 135, 138 (10th Dist.1991).

## III. ANALYSIS

{¶ 8} We resolve this appeal by consideration of the third assignment of error. After reviewing the transcript of the hearing, we conclude that the trial court's ruling was unreasonable because no sound reasoning supported it. *Dach v. Homewood*, 10th Dist. No. 14AP-502, 2015-Ohio-4191, ¶ 11 (observing that "[a] decision that is unreasonable is one that has no sound reasoning process to support it"). At the hearing, the trial court described the state's argument regarding the need to access the conviction record as "persuasive," and then stated:

So at this time I am denying your request, *because* I have in front of me an affidavit from your supervisor where she is not indicating anything in here where she would stop you from moving forward. Now should something change and you

> provided me with an affidavit where you were actually being affected by this, that would be a change in circumstances for the Court.

(Emphasis added.) (July 29, 2016 Tr. at 12.)

{¶ 9} Nowhere in R.C. 2953.32 is there a requirement to affirmatively demonstrate that the record of conviction has adversely affected the applicant before a record of conviction may be sealed. The statute states that the court must determine whether the applicant qualifies as an "eligible offender" under the criteria of R.C. 2953.32(C)(1)(a), and if any "criminal proceedings are pending against the applicant," as required by R.C. 2953.32(C)(1)(b). Then, the court must "determine whether the applicant has been rehabilitated to the satisfaction of the court" under R.C. 2953.32(C)(1)(c). Finally, if the state has objected to the application, the court must "[w]eigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records." R.C. 2953.32(C)(1)(e). There is no support in the procedure set out in the statute for the trial court to impose a requirement that an applicant demonstrate some actual effect, presumably negative, of having a record of a criminal conviction before an application to seal may be granted.

{¶ 10} Even if this were a requirement, the evidence that J.S. presented did demonstrate that her conviction causes her hardship. The affidavit of indigency filed with her application shows that J.S. is a single mother of four with a monthly income of $1,100. She receives government assistance for rent, child care, and food. (May 12, 2016 Financial Disclosure.) According to the affidavit of her supervisor, she works part-time at the bagel shop. In her application, she cites a desire to obtain "advancement in her current employment position" and the "potential to obtain other more financially remunerative employment in the future" as reasons for seeking an order sealing the record of conviction. (Application at 3.) She is clearly underemployed and struggling financially. An order sealing her record of conviction would have an actual effect on J.S.'s ability to improve her situation.

{¶ 11} In contrast, the state's proffered reason for objecting to the application is purely hypothetical. Citing no evidence, the state argues that the conviction should not be sealed because *if* J.S. is ever charged with domestic violence in the future, the arresting

officer would not be aware of the previous charge and arraignment judge *might* not have access to all the relevant facts under R.C. 2919.251 when setting bond. (Appellee's Brief at 9.) For two reasons, it was unreasonable for the trial court to give any weight to this entirely speculative argument.

{¶ 12} First, the state's argument assumes that J.S. is more likely to commit domestic violence than a random person on the street. However, as the state concedes, J.S. has been rehabilitated. (Appellee's Brief at 11-13.) Once a person who committed a criminal act has been rehabilitated, "he or she can function in society without committing other crimes." *Black's Law Dictionary*, 1476 (10th Ed.2014) Thus, the determination under R.C. 2953.32(C)(1)(c) that J.S. had "been rehabilitated to the satisfaction of the court" should have led the trial court to give little weight, if any, to some hypothetical future arrest for domestic violence.[1]

{¶ 13} Second, even if the possibility of J.S. committing such an offense were warranted, the sealing statute expressly provides a prosecutor access to a sealed conviction "to determine whether the nature and character of the offense with which a person is to be charged would be affected by virtue of the person's previously having been convicted of a crime." R.C. 2953.32(D)(1). The wording of this exception clearly indicates that the prosecutor has access to the records before a person is charged with a crime. Thus, any failure to have the fact of a prior conviction brought to the attention of a judge at an arraignment would result from a prosecutor's oversight or negligence. Furthermore, the state provided no evidence that a sealed conviction had ever resulted in the scenario it described.

{¶ 14} The final prong of the sealing statute requires the trial court to "[w]eigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain

---

[1] The trial court did not expressly make a determination regarding J.S.'s rehabilitation on the record. Typically, remand is required when (1) a trial court makes no determination whether an applicant has been rehabilitated in accordance with R.C. 2953.32(C)(1)(c) and (2) there is " 'insufficient information in the record to support the determination' " of rehabilitation. *State v. Tauch*, 10th Dist. No. 13AP-327, 2013-Ohio-5796, ¶ 18, quoting *State v. Evans*, 10th Dist. No. 13AP-158, 2013-Ohio-3891, ¶ 11-12. However, remand for such a determination by the trial court is not required where there is ample evidence of rehabilitation in the record, based on J.S.'s stability in employment and years of law-abiding behavior. Furthermore, the state apparently concedes the fact of rehabilitation, as it argues against J.S.'s second assignment of error and takes the position that her claims of rehabilitation were not in dispute in the trial court. (Appellee's Brief at 11-13.)

those records." R.C. 2953.32(C)(1)(e). The use of the phrase "if any" suggests that "in some cases, the State may have no interest in maintaining an applicant's records." *State v. Wyatt*, 9th Dist. No. 25775, 2011-Ohio-6605, ¶ 12. This is such a case. The state failed to introduce any evidence with which the court might weigh its purported interest, i.e., there was no testimonial evidence, no affidavit nor exhibits offered on the state's behalf, only conjecture by the assistant prosecutor, which clearly is insufficient. To credit the state's hypothetical need to maintain a record of the conviction against the evidence that J.S. presented in support of her application was a violation of the remedial purpose of the statute, as well as the Supreme Court of Ohio's mandate that its "remedial provisions are to be liberally construed to promote their purposes." *Barker v. State*, 62 Ohio St.2d 35, 42 (1980). For the foregoing reasons, the third assignment of error is sustained.

{¶ 15} Having sustained the third assignment of error, reversal is required. Accordingly, the first and second assignments of error are rendered moot. The judgment of the Franklin County Municipal Court is reversed and this cause is remanded with instructions to order the conviction of J.S. sealed under R.C. 2953.32.

*Judgment reversed; cause remanded with instructions.*

BRUNNER, J., concurs.
TYACK, P.J., dissents.

TYACK, P.J., dissenting.

{¶ 16} I respectfully dissent.

{¶ 17} I believe the trial court judge would have been acting within her discretion either way she resolved this case. Having acted within her discretion, I believe her decision should be affirmed on appeal.

{¶ 18} The judge was aware that police officers benefit from a full range of information when investigating a case and when making an arrest. The fact that a person who is being investigated or arrested has a past offense of violence can be significant.

{¶ 19} A judge who is setting bond in arraignment court can be affected by the fact an accused has a prior offense of violence in his or her history. This information is not always immediately available at arraignment if the records have been sealed, either for issue of law or for reasons related to bureaucratic inertia.

{¶ 20}  I can appreciate the reasoning of the majority of this panel, but I think the evaluation and weighing of evidence in the trial court should be respected in this case.  I also note that the Franklin County Municipal Court handles an incredible number of cases.  We, as an appellate court, with a much more limited docket should be careful in reaching our decision not to burden our municipal court judges with hearings and procedures which make a difficult docket impossible to manage.

{¶ 21}  Again, I respectfully dissent.

————————————————