[Cite as *State v. R.S.*, 2022-Ohio-1108.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-210169 |
| | | C-210170 |
| Plaintiff-Appellee, | : | C-210171 |
| | | C-210172 |
| vs. | : | C-210173 |
| | | |
| R.S., | : | TRIAL NOS. C-03CRB-16738 |
| | | C-05CRB-27882 |
| Defendant-Appellant. | : | C-05CRB-40612 |
| | | C-09CRB-3833 |
| | : | C-16CRB-18440 |

*O P I N I O N.*

Criminal Appeals From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Reversed and Cases Remanded

Date of Judgment Entry on Appeal: April 1, 2022

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Keith Sauter,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Gregory A. Cohen*, for Defendant-Appellant.

**BOCK, Judge.**

**{¶1}** In these consolidated appeals, appellant R.S. contends that the trial court erred when it denied her applications to seal the records of her convictions. We agree and reverse the trial court's judgments. We remand the matter to the trial court with instructions to seal the records of her convictions.

## I.     Facts and Procedure

**{¶2}** From 2003 to 2016, R.S. pleaded guilty to five misdemeanor crimes:

1.)     2003: theft in violation of R.C. 2913.02.

2.)     2005: transporting a loaded firearm in violation of R.C. 2123.16.

3.)      2005: possessing marijuana in violation of R.C. 2925.11.

4.)     2009: possessing drug paraphernalia in violation of R.C. 2925.12.

5.)     2016: resisting arrest in violation of R.C. 2921.33.

**{¶3}** In 2021, R.S. applied to seal the records of those convictions under R.C. 2953.32.

**{¶4}** At a hearing, she described to the court the social and economic consequences of her convictions. As a new mother who had achieved five years of sobriety, R.S. supported her family through the business that she operated and her artwork. She testified that her criminal record was affecting her business. As she explained, "I own a public business, people can look at my record." And her convictions were limiting her ability to obtain occupational licenses necessary to expand her business. It was also a matter of dignity. She "just d[id]n't want to be judged when [she] is not that person anymore." Sealing her criminal record meant that she could "move on with [her] life." The state did not oppose her applications.

2

{¶5} At the conclusion of the hearing, the court denied her applications. First, the court found that her 2005 conviction for drug possession was "a companion to a traffic conviction" and was ineligible for sealing. Over her objection, the court reasoned that "traffic convictions are not expungable, and this case was a driving under suspension, this was a conviction for possession of drugs." Turning to her remaining convictions, the court found that R.S. failed to demonstrate rehabilitation and that "the government's interest in maintaining these outweigh the applicant's interest in seeking their expungement."

{¶6} R.S. appeals.

## II. Law and Analysis

{¶7} In her sole assignment of error, R.S. contends that the trial court erred when it denied her applications to seal the records of her convictions. We review a trial court's decision to deny an application to seal a record of conviction for an abuse of discretion. *State v. Sager*, 2019-Ohio-135, 131 N.E.3d 335, ¶ 9 (1st Dist.). A trial court abuses its discretion when it " 'exercise[es] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority.' " *State v. Austin*, 1st Dist. Hamilton Nos. C-210140 and C-210141, 2021-Ohio-3608, ¶ 5, quoting *Johnson v. Abdullah*, Slip Opinion No. 2021-Ohio-3304, ¶ 35. Abuse of discretion " 'implies that the court's attitude, in reaching its decision, was unreasonable, arbitrary, or unconscionable.' " *Id.* at ¶ 34, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶8} A decision is unreasonable when it is "not supported by 'a sound reasoning process.' " *State v. Cannon*, 1st Dist. Hamilton No. C-210131, 2021-Ohio-4198, ¶ 20, citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). A decision is arbitrary when it is

3

"made without consideration of or regard for facts [or] circumstances." *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, ¶ 12, quoting *Black's Law Dictionary* 96 (5th Ed.1979). In other words, an abuse of discretion occurs when a trial court's judgment " ' "does not comport with reason or the record." ' " *State v. Hughley,* 8th Dist. Cuyahoga No. 108518, 2020-Ohio-1277, ¶ 53, quoting *State v. Underwood,* 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶ 30, citing *State v. Ferranto,* 112 Ohio St. 667, 676-678, 148 N.E. 362 (1925).

{¶9}    First, we note that the trial court inaccurately referred to record sealing as an expungement. Expungement is an entirely separate process governed by R.C. 2953.37(A)(1), "which results in deletion, making all case records 'permanently irretrievable.' " *State v. Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, 41 N.E.3d 1178, ¶ 36, fn. 2. In contrast, sealing records under R.C. 2953.32 "simply provides a shield from the public's gaze [and limits] inspection of sealed records of conviction to certain persons for certain purposes." *Id.*

{¶10}    In Ohio, sealing an individual's criminal record is an act of grace. *State v. Boykin*, 138 Ohio St.3d 97, 2013-Ohio-4582, 4 N.E.3d 980, ¶ 11, quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639, 665 N.E.2d 669 (1996). Record sealing provides " 'remedial relief to qualified offenders in order to facilitate the prompt transition of these individuals into meaningful and productive roles.' " *Sager* at ¶ 9, quoting *Barker v. State*, 62 Ohio St.2d 35, 41, 402 N.E.2d 550 (1980). R.C. 2953.32(C) governs a trial court's decision to grant or deny an application to seal a record of conviction. As a remedial statute, R.C. 2953.23 is liberally construed. *Barker* at 41. A court may grant an application if the requirements identified by R.C. 2953.32(C)(1) are satisfied. *Sager* at ¶ 10, citing *State v. Hill*, 2016-Ohio-1551, 63 N.E.3d 690, ¶ 18 (10th Dist.). R.C. 2953.32(C)(1) requires the court to:

(a) Determine whether the applicant is an eligible offender * * *;

(b) Determine whether criminal proceedings are pending against the applicant;

(c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection [to the application], consider the reasons against granting the application specified by the prosecutor in the objection;

(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records[.]

{¶11} After weighing the interests of the applicant and government, the court "shall order all official records of the case" sealed if the "legitimate government needs to maintain those records" do not outweigh the applicant's interest in sealing her records. R.C. 2953.32(C)(2).

## A. **Eligibility**

{¶12} R.S. argues that the trial court erred when it denied her application to seal the record of her 2005 conviction for drug possession in violation of R.C. 2925.11 in the case numbered C-05CRB-40612. The trial court deemed this conviction ineligible "as it is a companion to a traffic conviction that is not expungeable." The trial court explained, "traffic convictions are not expungeable, and this case was driving under suspension, this was a conviction for possession of drugs."

{¶13} The parties agree that the record does not contain a companion traffic charge. They are correct. But we take judicial notice of R.S.'s conviction for driving

5

under a suspended license in violation of R.C. 4510.26. (Citations omitted.) *See State v. Bevers*, 2d Dist. Montgomery No. 27651, 2018-Ohio-4135, ¶ 13.

**{¶14}** R.S. contends that the trial court erred when it determined that her conviction for drug possession in 2005 was ineligible for sealing. This raises a question of law that we review de novo. *State v. Evans,* 1st Dist. Hamilton No. C-210251, 2022-Ohio-341, ¶ 3, citing *Wray v. Albi Holdings, P.L.L.,* 1st Dist. Hamilton No. C-200381, 2021-Ohio-3920, ¶ 7; *see State v. Ushery*, 1st Dist. Hamilton No. C-120515, 2013-Ohio-2509, ¶ 6.

**{¶15}** In Ohio, there is a narrow class of offenses ineligible for sealing. *See* R.C. 2953.36. R.S.'s conviction for driving under a suspended license, a violation of R.C. 4510.16, falls into that narrow class of offenses—a person is ineligible to seal the record of a conviction under R.C. Chapter 4510. R.C. 2953.36(A)(2). The court determined that R.S.'s conviction for drug possession was ineligible as a "companion" to her conviction for driving under a suspended license. The court did not identify which section of the statute rendered her conviction ineligible. But following a review of the relevant statutory sections, we conclude that the trial court erred when it determined that her conviction was ineligible.

**{¶16}** Beginning with R.C. 2953.32(C)(1)(a), a court must determine if an applicant is an "eligible offender" as defined by R.C. 2953.31(A)(1). The statute identifies two categories of eligible offenders. R.C. 2953.31(A)(1). First, an applicant is eligible if the applicant was convicted of "one or more offenses, but not more than five felonies," none of which were an offense of violence or a felony sex offense. R.C. 2953.31(A)(1)(a). R.S. is eligible under this first category—she was convicted for misdemeanor offenses, all of which were nonviolent under R.C. 2901.01(A)(9)(a).

{¶17} Next, a trial court must determine whether it is in the public interest to count two convictions "that result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time" as one conviction. R.C. 2953.32(C)(1)(a). Here, R.S. was charged in two separate citations and entered two separate pleas in two separate proceedings. Under the plain language of R.C. 2953.32(C)(1)(a), her conviction for drug possession and her conviction for driving under a suspended license could not be counted as one conviction. Therefore, neither R.C. 2953.32(C)(1)(a) nor 2953.31(A)(1)(a) preclude her from applying to seal the record of her 2005 conviction for drug possession.

{¶18} Turning to R.C. 2953.61(A), a person "charged with two or more offenses as a result of or in connection with the same act may not apply" to seal the record of conviction for any of the charges "when at least one of the charges has a final disposition that is different from the final disposition of the other charges." But this limitation only applies "when a person is charged with multiple offenses that arise 'as a result of or in connection with the same act' and the multiple offenses have differing dispositions." *City of Strongsville v. J.M.B.*, 8th Dist. Cuyahoga No. 100680, 2014-Ohio-3144, ¶ 8. R.S. was convicted for both offenses and, therefore, R.C. 2953.61 does not render her 2005 conviction for drug possession ineligible.

{¶19} R.S.'s conviction for driving under a suspended license has no preclusive effect on her application to seal the record of her conviction in the case numbered C-05CRB-40612. The trial court's finding of ineligibility was contrary to law. The state maintains that we should apply the trial court's rehabilitation analysis and interest weighing to this application and affirm the trial court's denial.

7

Accordingly, this court will consider whether the trial court erred in refusing to seal that conviction under the same analysis as the remaining convictions.

## B. Rehabilitation

**{¶20}** R.S. argues that she demonstrated rehabilitation. The trial court's analysis of her rehabilitation consisted of its statement, "I don't believe she has."

**{¶21}** A trial court considering an application to seal an individual's records must determine whether "the applicant has been rehabilitated to the satisfaction of the court." R.C. 2953.32(C)(1)(c). The burden rests with the applicant to "prove that [she] was rehabilitated in order to have [her] record of conviction sealed." *State v. M.D.*, 8th Dist. Cuyahoga No. 97300, 2012-Ohio-1545, ¶ 10. Rehabilitation can be demonstrated through "an admission of guilt and a promise to never commit a similar offense in the future, or good nature or citizenship in the community since the conviction." *Evans* at ¶ 12; s*ee State v. Brooks,* 2d Dist. Montgomery No. 25033, 2012-Ohio-3278, ¶ 21-28 (collecting cases of rehabilitation). An applicant's testimony can satisfy this burden. *State v. A.V.*, 9th Dist. Lorain No. 18CA011315, 2019-Ohio-1037, ¶ 11.

**{¶22}** R.S. pleaded guilty and admitted guilt in the cases involving the convictions she wanted to seal. She informed the court that she "is not that person anymore." That statement is supported by the evidence in the record, which demonstrated to the court that she has achieved five years of sobriety, has a family, and operates multiple businesses. Combined, she is a productive member of the community.

**{¶23}** The state maintains that the number and nature of her convictions, which occurred over "a large span of time," supported the court's conclusion that she failed to demonstrate rehabilitation. This is unpersuasive. In R.C. 2953.31(A)(1) and

8

2953.36, the Ohio legislature has identified convictions that, by their very nature, may not be sealed. The legislature chose to permit record sealing for individuals convicted for theft, drug possession, improper transportation of a firearm, possession of drug paraphernalia, and resisting arrest. Unlike felonies, R.C. 2953.31(A)(1) has no numerical restriction for sealing misdemeanor convictions.

{¶24} "Although rehabilitation is not favored in current penal thought, the unarguable fact is that some people do rehabilitate themselves." *State v. Hilbert*, 145 Ohio App.3d 824, 827, 764 N.E.2d 1064 (8th Dist.2001). R.S. demonstrated that she is among the many rehabilitated individuals. The trial court's finding that she was not rehabilitated does not comport with the record. Rather, its finding was unreasonable and arbitrary. Therefore, the trial court abused its discretion when it determined that R.S. was not rehabilitated under R.C. 2953.32(C)(1)(c).

## C. **Interest Weighing**

{¶25} Finally, R.S. challenges the trial court's determination that her interests were outweighed by the government's under R.C. 2953.32(C)(1)(e). The court found that "the government's interest in maintaining [the records of her convictions] outweigh the applicant's interest in seeking expungement."

{¶26} Under R.C. 2953.32(C)(1)(e), the court must weigh the applicant's interest in sealing the applicant's records against the "legitimate needs, if any, of the government." The General Assembly's use of " 'if any' suggests that 'in some cases, the State may have no interest in maintaining an applicant's records.' " *State v. J.S.*, 2017-Ohio-7613, 97 N.E.3d 790, ¶ 14 (10th Dist.), quoting *State v. Wyatt*, 9th Dist. No. 25775, 2011-Ohio-6738, ¶ 12. The burden rests with an applicant "to demonstrate that [her] interests are at least equal to the governmental interests before the trial court must determine if sealing the record would be appropriate." *State v. Haney*, 70 Ohio

9

App.3d 135, 139, 590 N.E.2d 445 (10th Dist.1991). An applicant can satisfy this burden with evidence such as "testimony that [her] conviction has damaged [her] ability to earn a living." *State v. Shaffer*, 11th Dist. Geauga No. 2009-G-2929, 2010-Ohio-6565, ¶ 30 (collecting cases).

{¶27} While the court concluded that the government's interest in record maintenance outweighed R.S.'s interests, every relevant consideration shows that her interests outweigh the state's interests. Beginning with R.S.'s interests, she testified that her criminal record bedeviled her financial prospects. As a business owner and an artist, sealing her records was a chance to defuse the effect of her past. With her convictions available to the public, "people can just look at my record." To be sure, "anyone may obtain the criminal history of another under Ohio Adm.Code 109:5-1, private employers, landlords, insurers, educational institutions, and others may obtain information on misdemeanor convictions and use it in their decision-making processes." *City of Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, ¶ 33 (Lundberg Stratton, J., concurring). Moreover, as a parent, the challenges associated with having a criminal record are intensified.

{¶28} Turning to the state's interests, the court identified a state interest in maintaining its records. According to the court, this general interest in record maintenance outweighed R.S.'s interests. Certainly, the state has an interest in record maintenance. But sealing her records pursuant to R.C. 2953.32 merely shields her records from the public gaze. *Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, 41 N.E.3d 1178, at ¶ 36, fn. 2. Still more, state officials and law enforcement can access sealed records. R.C. 2953.32(D). We fail to see the impact of sealing her records on the state's interest in maintaining records.

**{¶29}** The state argues that the nature of R.S.'s convictions supported the court's finding that the state's interest in maintaining records outweighed her interest. First, the state failed to raise this interest before the trial court—in fact, the state offered no objection at all to R.S.'s applications to seal the records of her convictions. Second, it is well settled that "the nature of the offense cannot provide the sole basis to deny an application to seal records." *See State v. M.H.,* 8th Dist. Cuyahoga No. 105589, 2018-Ohio-582, ¶ 16 (collecting cases). Indeed, "[n]either the state nor the trial court's decision articulates a legitimate government interest, under the facts and circumstances here, to support a decision to deny defendant's application to seal her records." *See State v. Clellan*, 10th Dist. Franklin No. 10AP-44, 2010-Ohio-5867, ¶ 19; *see also State v. N.C.*, 9th Dist. Summit No. 29775, 2022-Ohio-781, ¶ 16 ("The court made no mention of any legitimate, governmental interests offered by the State, which leads us to question what, if anything, the court weighed on the government's side.").

**{¶30}** We sustain R.S.'s assignment of error. The trial court's finding that the state's interests outweighed R.S.'s interests belies the facts and circumstances of the case. Properly understood, R.C. 2953.32 reflects traditional "concepts of sin, punishment, atonement, and forgiveness." *Hilbert,* 145 Ohio App.3d at 827, 764 N.E.2d 1064. The consequences of "a misdemeanor conviction today are real and significant." *Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, at ¶ 34 (Lundberg Stratton, J., concurring). R.S. demonstrated that sealing the records of her convictions outweighed the state's need to maintain its records. Following our review of the record, we conclude that the trial court's findings and denial of R.S.'s applications were unreasonable and arbitrary and therefore, an abuse of discretion.

### III. <u>Conclusion</u>

**{¶31}** The trial court abused its discretion when it denied R.S.'s applications to seal the records of her convictions. R.S.'s conviction in the case numbered C-05CRB-40612 was eligible to be sealed. She demonstrated rehabilitation and identified a significant interest in sealing her records. As a result, we reverse the trial court's judgments and remand these cases with instructions to the trial court to seal the records of R.S.'s convictions under R.C. 2953.32.

Judgments reversed and cases remanded.

**ZAYAS, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.