**[Cite as *State v. G.H.*, 2023-Ohio-3269.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. | C-230013 |
| | | | C-230014 |
| and | : | TRIAL NOS. | C-16CRB-19192 |
| | | | 17CRB-6384 |
| CITY OF CINCINNATI, | : | | |
| Plaintiffs-Appellees, | : | *O P I N I O N.* | |
| vs. | : | | |
| G.H., | : | | |
| Defendant-Appellant. | : | | |

Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: September 15, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee State of Ohio,

*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Chris Konitzer*, Assistant Prosecuting Attorney, for Plaintiff-Appellee City of Cincinnati,

*Suhre & Associates, LLC,* and *J. Tanner Duncan*, for Defendant-Appellant.

**CROUSE, Presiding Judge.**

{¶1} Defendant-appellant G.H. appeals from the municipal court's decisions to deny his applications to seal the records of his 2016 conviction for misdemeanor assault (R.C. 2903.13) and subsequent 2017 misdemeanor conviction for violation of a protection order (R.C. 2919.27). Because we conclude that the court based its decisions to deny G.H.'s applications on improper grounds, we sustain his assignment of error and remand the cause for further proceedings.

## I. Factual and Procedural History

{¶2} In July 2016, G.H. was charged with domestic violence against A.T. He eventually entered a guilty plea to an amended charge of assault, a first-degree misdemeanor. He was sentenced to one year of community control, including the requirement that he have no contact with A.T.

{¶3} In March 2017, G.H. was charged with violating a protection order for attempting to contact A.T. via FaceTime and Facebook Messenger. G.H. entered a plea of no contest. The trial court found him guilty and sentenced him to one year of community control and 60 days of electronic monitoring, and again ordered that he stay away from A.T.

{¶4} In November 2022, G.H. filed applications to have the records of three cases sealed: a 1999 misdemeanor drug-possession case, the 2016 assault case, and the 2017 protection-order-violation case. The trial court granted his application to seal the drug-possession record. However, the trial court denied G.H.'s applications to seal the records of the assault and protection-order violation.

{¶5} G.H. did not appear at the December 2022 hearing on his applications for sealing. During the hearing, G.H.'s attorney suggested that G.H. was out of the

2

country, and that he had previously requested to have his presence at the hearing waived. Thus, G.H. was not available to personally address the court.

{¶6} G.H. also did not provide the court with an affidavit in support of his application. Instead, G.H.'s attorney argued that G.H. took responsibility for his offenses at the time, as reflected in his guilty and no-contest pleas, he subsequently lost his teaching license and was forced to retire, and he now has a massage license. G.H.'s attorney argued that G.H.'s criminal record is now preventing him from obtaining a work visa in a foreign country.

{¶7} The only evidence in the record is G.H.'s probation report. The report shows that G.H. has not committed any offenses since the 2017 protection-order violation.

{¶8} Because the drug-possession and assault charges were originally prosecuted by the county prosecutor's office, a county prosecutor represented the state as to the sealing of those records. The county prosecutor entered no objection to G.H.'s request.

{¶9} The protection-order violation was prosecuted by the city prosecutor's office, which did object to the sealing of the record. However, the city offered no argument as to why the record should not be sealed.

{¶10} Following the hearing, the court granted G.H.'s application to seal the drug-possession record, but denied the application to seal the assault and protection-order-violation records. In pronouncing its decision, the court stated:

Regarding [the drug-possession case], applicant is eligible, and hearing

no objection, the court will grant the motion to seal that case.

Regarding C-16CRB-19192 and 17CRB-6384, the court will deny the

applications.

I certainly take no issue with the applicant's intention and basis for seeking. These are both serious convictions involving serious crimes, an assault which was amended from domestic violence and a subsequent violation of a protection order involving the same victim relatively close to one another, within one year.

I think there's been insufficient demonstration of rehabilitation, given the seriousness of those crimes. But regardless of the status of rehabilitation, I think, again given the serious nature of those crimes, including the crime of violence, the government's interest in maintaining those records open public access to those records outweighs the defendant's, or the applicant's legitimate interest in seeking to have them sealed.

Further, I'll note that the witness was not notified of today's hearing.

**{¶11}** The trial court's written decision denying G.H.'s application for sealing the record of the assault case states:

- insufficient demonstration of rehabilitation (subsequent conviction for violating protection order)

- even if rehabilitated, interests of government outweigh applicant's where this is a crime of violence (originally charged as domestic violence)

- PW not notified of the hearing.

**{¶12}** The written decision in the protection-order-violation case states:

- insufficient demonstration of rehabilitation, given seriousness of

offense

- regardless, government's interest outweighs applicant's interest, this offense came less than 1 year after domestic violence (assault) conviction involving same victim.

{¶13} G.H. brought this timely appeal challenging the denial of his record-sealing applications.

## II. Analysis

{¶14} In his sole assignment of error, G.H. argues that the trial court abused its discretion when it denied his applications to seal the records of his assault and protection-order-violation convictions. We agree.

{¶15} This court reviews the trial court's decision to deny an application to seal a record of conviction for an abuse of discretion. *State v. Sager*, 2019-Ohio-135, 131 N.E.3d 335, ¶ 9 (1st Dist.). A trial court abuses its discretion when it "exercise[es] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *State v. Austin*, 1st Dist. Hamilton Nos. C-210140 and C-210141, 2021-Ohio-3608, ¶ 5, quoting *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. Abuse of discretion "implies that the court's attitude, in reaching its decision, was unreasonable, arbitrary, or unconscionable." *Johnson* at ¶ 34, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). *See State v. R.S.*, 1st Dist. Hamilton Nos. C-210169, C-210170, C-210171, C-210172, and C-210173, 2022-Ohio-1108, ¶ 7.

A decision is unreasonable when it is "not supported by 'a sound reasoning process.'" A decision is arbitrary when it is "made without consideration of or regard for facts [or] circumstances." In other words,

an abuse of discretion occurs when a trial court's judgment " ' "does not comport with reason or the record." ' "

(Internal citations omitted.) *R.S.* at ¶ 8.

**{¶16}** The sealing of an individual's criminal record is an act of legislative grace. *Id.* at ¶ 10, citing *State v. Boykin*, 138 Ohio St.3d 97, 2013-Ohio-4582, 4 N.E.3d 980, ¶ 11. The application process for sealing a record of conviction is governed by R.C. 2953.32.[1] *Id.* In determining whether to grant the application, the court is required to:

(a) Determine whether the applicant is an eligible offender * * *;

(b) Determine whether criminal proceedings are pending against the applicant;

(c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection [to the application], consider the reasons against granting the application specified by the prosecutor in the objection;

(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records[.]

*Id.*, quoting former R.C. 2953.32(C)(1).

**{¶17}** The first requirement, to determine whether the applicant is an eligible offender, refers to the definition provided in former R.C. 2953.31(A)(1), which pertains

---

[1] Because G.H. filed his applications for sealing in November 2022, we apply the statutes in effect at that time. As of April 2023, the relevant statutes have been substantially amended. *See* 2022 Am.Sub.S.B. No. 288; 2022 Am.Sub.H.B. No. 343.

to the number of convictions and the nature of the offenses in the applicant's criminal history. The state and the city do not dispute that G.H. is an eligible offender. They also do not dispute that there were no criminal proceedings pending against him. As stated above, the county prosecutor did not object to the sealing of G.H.'s records, and while the city prosecutor did object, there were no reasons specified against granting the application. On appeal, the state and the city ask us to affirm the trial court's denial of G.H.'s applications.

{¶18} The two factors at issue in this case are whether the court abused its discretion in finding that G.H. was not rehabilitated to the satisfaction of the court and whether the court abused its discretion in finding that the government's interest in maintaining the records outweighed G.H.'s interest in sealing his records.

{¶19} As stated above, G.H. did not personally address the court, nor did he provide an affidavit in support of his application.[2] The only evidence in the record is G.H.'s probation report. The report shows that G.H. has not committed any offenses since the 2017 protection-order violation.

{¶20} Thus, it seems that this sole evidence of a clean criminal record after 2017 convinced the trial court that G.H. was satisfactorily rehabilitated as to the drug-possession conviction. Nevertheless, the court found that G.H. was not satisfactorily rehabilitated regarding his assault and protection-order-violation convictions.

{¶21} Regarding the assault conviction, the court stated in its written decision that there had been an "insufficient demonstration of rehabilitation," noting only the "subsequent conviction for violating [a] protection order," as a reason for this finding. Regarding the protection-order violation, the court stated in its written decision that

---

[2] G.H.'s attorney's argument to the court is not evidence. *State v. A.V.*, 9th Dist. Lorain No. 18CA011315, 2019-Ohio-1037, ¶ 11.

there had been an "insufficient demonstration of rehabilitation given the seriousness of the offense." We hold that the court's reasoning for determining that there was an insufficient demonstration of rehabilitation was an abuse of discretion because this reasoning runs counter to the legislature's determination that certain types of offenses and a certain number of offenses are eligible to be sealed.

**{¶22}** We have previously held that "the nature of the offense cannot provide the sole basis to deny an application to seal records." *R.S.*, 1st Dist. Hamilton Nos. C-210169, C-210170, C-210171, C-210172, and C-210173, 2022-Ohio-1108, at ¶ 29, quoting *State v. M.H.*, 8th Dist. Cuyahoga No. 105589, 2018-Ohio-582, ¶ 16. The legislature has already made that determination in setting forth which offenses are eligible to be sealed and which are not. *See M.H.* at ¶ 19 (acknowledging that if public interest in knowing who had committed certain offenses were "paramount" to all other interests, the legislature would have exempted those offenses from sealing). Furthermore, the legislature has already decided that people are permitted to seal the records of a certain number of offenses, including certain offenses of violence. Former R.C. 2953.36(A)(4) and 2953.31(A).[3] While a court may not agree with the legislature on this issue, a court cannot deny an application to seal based solely on the nature or number of offenses, if the records of those offenses are eligible for sealing under the law.

---

[3] The "eligible offender" definition under former R.C. 2953.31(A)(1)(a) excludes anyone who has been convicted of an offense of violence. However, misdemeanor assault under R.C. 2903.13 is an exception to the preclusion of sealing of crimes of violence. *See* former R.C. 2953.31(A)(1)(b) and 2953.36(A)(4). Former R.C. 2953.31(A)(1)(b) states that an offender to whom division (A)(1)(a) does not apply is still eligible if he "has not more than two felony convictions, has not more than four misdemeanor convictions, or, if the person has exactly two felony convictions, has not more than those two felony convictions and two misdemeanor convictions * * *." The convictions must also satisfy the requirements of former R.C. 2953.36, which permits sealing of an assault conviction under R.C. 2903.13 that is classified as a first-degree misdemeanor. Former R.C. 2953.36(A)(4).

**{¶23}** The trial court also denied G.H.'s applications because it found that the government's interest in maintaining the records of G.H.'s convictions outweighs G.H.'s interest in sealing the records. Again, this finding was based on the nature and number of the offenses. The state and the city presented no argument as to what governmental interest is served by denying G.H.'s applications.

**{¶24}** We recognize that the burden is on the applicant to show that his interests in sealing the records "are at least equal to the governmental interests." *R.S.* at ¶ 26, quoting *State v. Haney*, 70 Ohio App.3d 135, 139, 590 N.E.2d 445 (10th Dist.1991). However, where the government has not articulated any need to maintain the records, the court abuses its discretion by relying solely on the nature of the offenses to justify a determination that the government's interests outweigh those of the applicant. *See State v. A.S.*, 2022-Ohio-3833, 199 N.E.3d 994, ¶ 15 (1st Dist.); *State v. Garry*, 173 Ohio App.3d 168, 2007-Ohio-4878, 877 N.E.2d 755, ¶ 7 (1st Dist.).

### III. Conclusion

**{¶25}** Because the trial court abused its discretion when it denied G.H.'s applications for the reasons the court stated, we sustain his assignment of error. We therefore reverse the court's judgments denying his applications to seal the records and remand this cause for further proceedings consistent with the law and this opinion.

Judgments reversed and cause remanded.

ZAYAS and KINSLEY, JJ., concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.