[Cite as *State v. Wilson-Jones*, 2025-Ohio-2903.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-240548 |
| | | TRIAL NO. | B-1107417 |
| Plaintiff-Appellee, | : | | |
| vs. | : | | |
| | | *JUDGMENT ENTRY* | |
| JUSTIN WILSON-JONES, | : | | |
| Defendant-Appellant. | : | | |

This cause was heard upon the appeal, the record, the briefs, and arguments.

The judgment of the trial court is affirmed for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs are taxed under App.R. 24.

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 8/15/2025 per order of the court.**

**By:**_____
    **Administrative Judge**

[Cite as *State v. Wilson-Jones*, 2025-Ohio-2903.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240548 |
| | | TRIAL NO. B-1107417 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| JUSTIN WILSON-JONES | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: August 15, 2025

*Connie M. Pillich*, Hamilton County Prosecuting Attorney, and *John D. Hill, Jr.*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Joshua A. Thompson*, Assistant Public Defender, for Defendant-Appellant.

**BOCK, Presiding Judge.**

**{¶1}** Defendant-appellant Justin Wilson-Jones applied to seal a 2012 conviction for trafficking in heroin. The State opposed the application based on Wilson-Jones acquiring additional drug-trafficking convictions after his 2012 conviction and Wilson-Jones having been released from prison only two years earlier, thus demonstrating that he had not shown he was adequately rehabilitated. The trial court denied the application. Wilson-Jones has appealed, arguing that the trial court abused its discretion in considering the number of his convictions when denying the application.

**{¶2}** We hold that in cases where a defendant seeks to seal a conviction, the trial court, when determining whether the defendant is adequately rehabilitated, may consider the defendant's criminal convictions incurred after the last offense the defendant seeks to seal.

**{¶3}** The trial court did not abuse its discretion. We overrule the assignment of error and affirm the trial court's judgment.

## I. *Factual and Procedural History*

**{¶4}** In 2012, after he pled guilty, the trial court convicted Wilson-Jones of fourth-degree felony trafficking in heroin in violation of R.C. 2925.03(A)(2) and sentenced him to three years of community control ("2012 conviction"). The trial court terminated Wilson-Jones's community control in September 2013.

**{¶5}** In 2014, Wilson-Jones was convicted of first-degree misdemeanor attempted trafficking of cocaine. In 2017, he was convicted of fourth-degree felony aggravated trafficking. Finally, in 2021, Wilson-Jones was convicted of two counts of third-degree trafficking in a fentanyl-related compound, for which he was sentenced to 18 months in prison. He was released in 2022.

**{¶6}** In June 2024, Wilson-Jones applied to seal his 2012 conviction. The State objected to Wilson-Jones's application, arguing that while Wilson-Jones's 2012 conviction was eligible for sealing, he was not rehabilitated as required by R.C. 2953.32(D)(1)(c). The State pointed to Wilson-Jones's "extensive criminal history," including multiple convictions after his 2012 conviction.

**{¶7}** Wilson-Jones's reply to the State's objection included an affidavit in which he took "full responsibility for his actions." Wilson-Jones noted that after his release from prison in 2022, he had been working and attending a truck-driving school to improve his financial prospects. He explained that he wanted his 2012 conviction sealed to obtain better housing, which might allow him to have overnight visits with his daughter.

**{¶8}** At an August 2024 hearing on Wilson-Jones's application, the State reasserted its objection. It argued that Wilson-Jones had failed to show that he was adequately rehabilitated as, in light of his "extensive criminal history . . . it's a lot harder to make the case of rehabilitation over such a short period of time."

**{¶9}** The trial court denied the application:

Expungements, I think it is great. And it is good that you are staying out of trouble for the last two years. That's good. Keep working hard and maybe you will get these expunged later. But right now I just can't see expunging them. You have too many convictions. And it hasn't been that long of a time since you got out of prison for your last one.

**{¶10}** Wilson-Jones has appealed.

### II.    Analysis

**{¶11}** In his sole assignment of error, Wilson-Jones argues that the trial court abused its discretion in denying his application to seal his 2012 conviction.

### a.  Standard of review

**{¶12}** An appellate court reviews a trial court's denial of an application to seal a conviction for an abuse of discretion. *State v. G.H.*, 2023-Ohio-3269, ¶ 15 (1st Dist.). A trial court abuses its discretion when it "'exercises its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority.'" (Cleaned up.) *State v. Austin*, 2021-Ohio-3608, ¶ 5 (1st Dist.), quoting *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. A trial court has no discretion to make an error of law. *Id.*, quoting *Johnson* at ¶ 39.

### b.  Application for sealing

**{¶13}** R.C. 2953.32 establishes a mechanism where eligible criminal convictions may be sealed from the public's view. "In Ohio, sealing an individual's criminal record is an act of grace." *State v. R.S.*, 2022-Ohio-1108, ¶ 10 (1st Dist.). But, as R.C. 2953.23 is "a remedial statute," it "is liberally construed." *Id.*

<u>Wilson-Jones's 2012 conviction was eligible for sealing</u>

**{¶14}** R.C. 2953.32(A) enumerates specific offenses that are ineligible for sealing. A defendant may apply to seal any conviction that is not an ineligible offense. R.C. 2953.32(A); R.C. 2953.32(B)(1). The State concedes that Wilson-Jones's 2012 conviction for fourth-degree felony trafficking in heroin is eligible for sealing. And while Wilson-Jones's post-2012 convictions previously would have rendered the 2012 conviction ineligible for sealing under former R.C. 2953.32, the legislature amended that statute in 2023 such that Wilson-Jones's subsequent convictions do not affect his statutory eligibility for sealing his 2012 conviction.

**{¶15}** R.C. 2953.32(B) provides specific periods following a conviction after which an applicant may apply for sealing. Relevant here, an "eligible offender" may apply for sealing "at the expiration of one year after the offender's final discharge if convicted of one or more felonies of the fourth or fifth degree or one or more misdemeanors." R.C. 2953.32(B)(1)(a)(ii). There is no dispute that Wilson-Jones satisfied the one-year waiting period.

<u>Wilson-Jones's rehabilitation</u>

**{¶16}** In addition to the technical eligibility requirements, R.C. 2953.32(D)(1) directs the trial court to consider various criteria when determining whether to grant an application for sealing. If the trial court finds that all the considerations under R.C. 2953.32(D)(1) apply, then the trial court "shall order all official records of the case that pertain to the conviction . . . sealed." R.C. 2953.32(D)(2).

**{¶17}** R.C. 2953.32(D)(1)(c) requires the trial court to consider "whether the applicant has been rehabilitated to the satisfaction of the court." An applicant bears the burden of establishing rehabilitation. *R.S.*, 2022-Ohio-1108, at ¶ 21 (1st Dist.). "Rehabilitation can be demonstrated through 'an admission of guilt and a promise to never commit a similar offense in the future, or good nature or citizenship in the community since the conviction.'" *Id.*

**{¶18}** In *R.S.*, this court explained that trial courts may not deny an application to seal a conviction based solely on "the nature of the offense" where the General Assembly has deemed the conviction an eligible offense. *Id.* at ¶ 29, quoting *State v. M.H.*, 2018-Ohio-582, ¶ 16 (8th Dist.) (collecting cases).

**{¶19}** Further, because the General Assembly made the policy determination to allow people to seal a "certain number of offenses . . . a court cannot deny an application to seal based solely on the nature or number of offenses, if the records of

6

those offenses are eligible for sealing under the law." *G.H.*, 2023-Ohio-3269, at ¶ 22 (1st Dist.).

{¶20} And in *State v. J.B.*, 2024-Ohio-1879, ¶ 22 (1st Dist.), *accepted for review*, 2024-Ohio-4501, the defendant applied in 2023 to seal seven misdemeanor convictions that she had incurred from 2012 through 2016. *Id.* at ¶ 1. The trial court denied the application because the defendant had not offered evidence demonstrating rehabilitation, other than stating "that's just not me anymore," and referenced J.B.'s convictions for subsequent similar misdemeanors in 2018 and 2019. *Id.* at ¶ 6, 18. This court reversed, explaining that the applicant's statement "demonstrated her acknowledgement that she has changed since the cessation of her criminal activity," the applicant had applied for and received a certificate of qualification for employment, and the applicant's criminal activity had ceased four years before her application for sealing. *Id.* at ¶ 20. The court held that "the focus of rehabilitation is the applicant's progress following the last offense, not simply the number of previous offenses." *Id.* at ¶ 22.

{¶21} Here, the trial court credited Wilson-Jones's statements that he was "staying out of trouble for the last two years," was "working hard," and was taking truck-driving classes to obtain more lucrative employment. Wilson-Jones's affidavit also explained that he had attended Narcotics Anonymous and Alcoholics Anonymous meetings "on and off from 2011 to 2021," and attended therapy on his own since his discharge from prison in 2022. The trial court appears to have accepted that Wilson-Jones was taking appropriate actions, not breaking the law, and otherwise "doing good" since his 2022 release from prison. But the trial court determined that sealing his 2012 conviction was inappropriate because Wilson-Jones had not been out of prison for a sufficiently long period of time to demonstrate rehabilitation.

**{¶22}** Ultimately, we cannot conclude on this record that the trial court abused its discretion in finding that Wilson-Jones did not establish that he was adequately rehabilitated. His criminal history revealed a pattern of convictions for drug-trafficking offenses at regular intervals beginning in 2012. And Wilson-Jones concedes that a "trial court can very well take the extent of an applicant's criminal record into consideration during its fact finding" regarding whether an applicant is adequately rehabilitated. Indeed, if a trial court cannot consider an applicant's pattern of committing similar offenses at regular intervals in determining whether a defendant is rehabilitated, then it is not clear what the trial court can do with an applicant's criminal history.

**{¶23}** We note that while Wilson-Jones's affidavit explained that he had attended Narcotics Anonymous and Alcoholics Anonymous meetings "on and off from 2011 to 2021," he attended those meetings before his most recent conviction and there was no evidence that he attended them after his release from prison. Wilson-Jones's remaining evidence of lawful employment, while certainly commendable, is insufficient to allow us to substitute our judgment for that of the trial court.

**{¶24}** A trial court may consider defendants' criminal history incurred after the offense they seek to seal to determine whether their postconviction conduct shows adequate rehabilitation. And viewing the evidence Wilson-Jones presented in support of his rehabilitation against his criminal history, we hold that the trial court did not abuse its discretion in denying his application to seal his 2012 conviction. Simply because a conviction is statutorily eligible to be sealed, the trial court is not required to determine that the applicant is rehabilitated.

**{¶25}** Finally, Wilson-Jones argues that the trial court failed to make "the specific determinations as required by R.C. 2953.32(D)(1)" before denying his

8

application. He asserts that trial courts must make specific determinations when considering an application to seal records. But this court has held that the trial court is not required to make any specific findings under R.C. 2953.32(D)(1). *State v. Lanxiang Yu*, 2024-Ohio-3083, ¶ 13 (1st Dist.). Instead, "the record must contain some analysis supporting the trial court's ultimate decision." *Id.*; *see State v. Stringer*, 2009-Ohio-909, ¶ 7 (9th Dist.) (reversing denial of sealing application where transcript from an "extremely brief" hearing prevented the appellate court from determining whether the applicant received a full and fair hearing).

**{¶26}** The record contains some analysis supporting the trial court's ultimate decision that Wilson-Jones was not adequately rehabilitated and therefore not entitled to have his 2012 conviction sealed. The trial court's statements at the hearing were sufficient to allow us to review the trial court's decision. And the trial court did specifically "determine" that (1) Wilson-Jones's 2012 conviction was eligible for sealing, R.C. 2953.32(D)(1)(a), (2) that Wilson-Jones had no pending convictions as evidenced by Wilson-Jones's unchallenged representation to this fact, R.C. 2953.32(D)(1)(b), and (3) Wilson-Jones was not adequately rehabilitated, R.C. 2953.32(D)(1)(c).

**{¶27}** We accordingly overrule the assignment of error.

### III.    Conclusion

**{¶28}** For the foregoing reasons, we overrule the assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**NESTOR** and **MOORE, JJ.,** concur.

9